## Stephens, Appellant, *v.* Barnes.

*Contract—Parol contract for sale of land—Breach—Action for damages— Statute of frauds—Vendor and vendee.*

Under the Pennsylvania statute of frauds and perjuries, an action may be maintained for the recovery of damages for the breach of a parol contract for the sale of land. The measure of damages in such a case, in the

absence of fraud by the vendor, is the actual purchase money paid, and actual damages incurred by the vendee, and if no purchase money was paid, and no actual expenses incurred, then mere nominal damages can be recovered.

Where the plaintiffs make out a prima facie case by proving the contract, and the breach of it, and the defendants prove that without any fraud or collusion on their part, they were unable to carry out the contract, the burden is then upon the plaintiffs to prove fraud, if any exists.

The fraud necessary to entitle the vendee to recover must be such as inhered in the original agreement. A subsequent fraudulent purpose is not enough.

Where in an action to recover damages for the breach of a parol contract to sell land, the vendors show that they were unable to carry out the contract because the husband of one of the parties in interest refused to sign the deed on the ground that his wife was to receive shares of stock and not cash, the defendants cannot be charged with more than nominal damages over and above the purchase money paid, and expenses actually incurred by plaintiff.

Argued Dec. 6, 1905.    Appeal, No. 231, Oct. T., 1905, by plaintiff, from judgment of C. P. Lehigh Co., Oct. T., 1902, No. 54, on verdict for plaintiffs in case of Maggie A. Stephens, Executrix of Morris J. Stephens, deceased, and Avon Barnes v. Avon Barnes et al.    Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit for breach of a parol contract for the sale of land. Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Defendants presented the following points :

2. Under all the evidence in this case, the plaintiff, if he is entitled to recover anything, can recover no more than nominal damages. *Answer :* Affirmed. [3]

4. There being no allegation in the plaintiff's narr of fraud, misconduct or artifice by the defendants in the rescinding of the bargain or contract of sale, there can be no recovery for the loss or profit in the bargain. The true measure of damages in this case under the evidence, is for moneys expended, if any were expended, and nominal damages only. *Answer :* Affirmed. [4]

5. There being no fraud or artifice shown on the part of the defendants and no evidence to show that money was paid out on the faith of the contract by the plaintiffs, there can be no recovery except for nominal damages. *Answer :* Affirmed. [5]

The court charged in part as follows :

[Then we come to the question, what are the damages of the plaintiffs ? The contention of the plaintiff was that if the plaintiff was entitled to recover he was entitled to recover the difference between the price named in the contract and what this property was worth in the market at the time of the breach of the contract. We have not been able to convince ourselves that that is the law in Pennsylvania. It is the law in a great many states. It is the law—called the United Supreme court rule—that where a person makes a contract and there is a breach of it, that person is liable in damages to the innocent party, or to the one who does not break the contract for loss of his bargain. That is the rule in a great many states, but, so far as I have been able to glean from the cases, it is not the law in Pennsylvania.] [6]

[The rule of law in Pennsylvania is that when the vendor without fraud on his part is incompetent to make out a title the vendee is not entitled to damages for the loss of his bargain beyond the money paid, with interest and expenses, although the completion of the bargain might have been profitable to him. But where the vendor is guilty of collusion, tort, artifice or fraud to escape from a bad bargain, the vendee is entitled not only to compensatory damages, but to damages arising from the loss of the bargain, or the money he might have derived from its completion.

In this case there is no evidence that there was any fraud, or collusion, or trick, or artifice in the making of this contract, and, therefore, the court is of the opinion, and so instructs you, that the plaintiff is not entitled to recover for the loss of his bargain. As I recollect the testimony there is also no proof of any expense or any damages in this case. If the plaintiff had any proper legitimate expenses by reason of the breach of this contract those he would have been entitled to recover if he had proved them. I have no doubt that he was put to some expense, but there is no proof of those expenses before you, and you are not to find any expense without proof, so that the instruction of the court to you is that you are to render a verdict for the plaintiff in nominal damages.] [7]

Verdict and judgment for plaintiff for $1.00. Plaintiff appealed.

130    STEPHENS, Appellant, v. BARNES.

Assignment of Error—Opinion of the Court. [30 Pa. Superior Ct.

*Errors assigned* among others were (3–7) above instructions, quoting them.

*M. C. L. Kline* and *John Rupp*, with them *C. A. Groman*, for appellant, cited: Bowser v. Cessna, 62 Pa. 148 ; Hopkins v. Lee, 19 U. S. 109 ; Bitner v. Brough, 11 Pa. 127 ; Hennershotz v. Gallagher, 124 Pa. 1.

*A. G. Dewalt*, for appellee.

OPINION BY MORRISON, J., January 13, 1906 :

This was an action in assumpsit brought by the plaintiffs against the defendants to recover damages for the breach of a written agreement for the sale of certain real estate. The agreement is somewhat peculiar. In consideration of the sum of $1.00 it bound the defendants to sell and convey unto the other parties to the contract, 140 acres of land at a price of $225 per acre, until November 1, 1902. The other parties to the contract did not agree to purchase the land and pay for the same, nor did they in fact pay anything, except the $1.00 recited in the contract. In short, the second parties bargained for the option of purchasing the property at any time between July and November 1, 1902, but they were entirely free to refuse to purchase the land, if they so elected.

We call attention to this one-sided contract because it does not clothe the plaintiffs with any very strong equities, and especially is this so, because there is no proof that they paid or expended any money on or about the premises or that they suffered any real damages, unless they are entitled to recover the difference in value of the property on account of an advance, during the term of the option, of the value of the property from $225 to about $500 per acre. There was no evidence of fraud, collusion, tort, trick or artifice to escape from a bad bargain on the part of the defendants ; and the court instructed the jury that the plaintiffs were entitled to recover nominal damages only. This instruction is the basis of all of the assignments of error.

It is unnecessary to discuss, at length, the question of the measure of damages for the breach of a parol contract for the sale of land. Under the statute of frauds and perjuries there

can be no enforcement of specific performance for the sale of real estate under a parol contract. The English statute of frauds and perjuries prohibited such actions, but under our statute actions may be maintained for the recovery of damages for the breach of a parol contract for the sale of land. The measure of damages in such cases is the actual purchase money paid, and actual damages incurred by the vendee, and if no purchase money was paid, and no actual expenses incurred, then mere nominal damage could be recovered. This has always been the law in Pennsylvania, except from about 1848 to 1859, when the case of Jack v. McKee, 9 Pa. 235, was in effect establishing a different rule. That case was followed by Bash v. Bash, 9 Pa. 260; McDowell v. Oyer, 21 Pa. 417, and by Malaun's Admr. v. Ammon et ux., 1 Grant, 123, where the same rule obtained and was supposed to be the law. But the case of Jack v. McKee and those resting upon its authority were, however, expressly overruled by the Supreme Court in Hertzog v. Hertzog's Administrator, 34 Pa. 418, in which the rule is thus expressed in the syllabus: " In an action for the breach of a parol contract for the conveyance of land, in consideration of money paid and services rendered, the damages are to be measured by the amount of the consideration, and not by the value of the land. The plaintiff cannot recover damages for the loss of the bargain." The rule ever since has been indemnity or restoration of the parties to their condition before the contract was made. WOODWARD, J., in his opinion gives the reason for the rule, that any other rule would be, in effect, a nullification of the provisions of the statute of frauds and perjuries, and would practically amount to the enforcement of the specific performance of such parol contract. See also Justice WOODWARD'S dissenting opinion in Malaun's Admr. v. Ammon, 1 Grant, 123, also reported in 34 Pa. 423. This dissenting opinion was afterwards unanimously adopted by the entire court and is now the settled law of the state. See also McCafferty v. Griswold, 99 Pa. 270; Allison v. Montgomery, 107 Pa. 455; Mellon v. Davison, 123 Pa. 298; Sausser v. Steinmetz, 88 Pa. 324.

In Bitner v. Brough, 11 Pa. 127, the rule as to the measure of damages for the breach of a written agreement for the sale of real estate is stated, as fairly summarized in the syllabus,

thus: "Where the vendor, without fraud on his part is incompetent to make out a title, the vendee is not entitled to damages for the loss of his bargain, beyond the money paid with interest and expenses, although the completion of the bargain might have been profitable to him. But where the vendor is guilty of collusion, tort, artifice and fraud, to escape from a bad bargain, the vendee is entitled, not only to compensatory damages, but to damages arising from the loss of the bargain, or the money he might have derived from its completion."

In Rineer v. Collins, 156 Pa. 342, the case of Bitner v. Brough is referred to and Mr. Justice Green (p. 348) said: "The learned court below instructed the jury that if the defendant willfully and purposely put it out of his power to comply by selling the land to another, the plaintiff, who was the vendee, could recover a sum equal to the difference between what Rineer was to pay Collins and what Collins received from Eshelman for the land. We have not been referred to any authority which adjudges the rule of damages in this way in the circumstances which were present in this case. Bitner v. Brough, 11 Pa. 127, much relied upon for the plaintiff, was a totally different case. It was an action for damages for breach of a written agreement for sale of the land in question and it was proved on the trial that the purchaser had sold his own farm to raise the money to pay for the one he had bought; had made all his arrangements to move, and did move from his old home in Adams county to the land he had purchased in Franklin county, with his family, his stock and wagon loads of personal property, five months after the contract, and in utter ignorance of any intention on the part of the seller to repudiate the contract. There was also evidence of collusion between the seller and his wife, to have her refuse to sign the deed, in order to enable the seller to excuse his refusal to perform on that ground, and the whole doctrine of this court declaring a right to recover compensatory damages and for the value of the bargain, was based upon the proposition that there was evidence of fraud, artifice and collusion, upon which such a verdict could be rendered."

It is true that Justice Green was discussing the measure of damages for the breach of a parol contract for the sale of land. But his language makes it clear that the rule in Bitner v.

Brough is not the measure of damages where the seller, without fraud, artifice and collusion is unable to convey the land.

In Hertzog v. Hertzog's Admr., 34 Pa. 418, Justice WOOD-WARD, speaking for the court (p. 420), said : " The rule was indemnity—compensation for what had been paid or done—restoration of the parties to their condition before the contract was made.    And this rule was agreeable to that which prevailed in England and Pennsylvania, in respect to breach of written executory contracts, and that also which was always applied to covenants of seisin, covenants for quiet enjoyment, and covenants against encumbrances, and for further assurance, in deeds of conveyance, or other executed contracts.    Where there was no fraud, misrepresentation, or wrongful suppression of facts on the part of the vendor, but he was simply unable to convey the title stipulated for, or to defend his alienee in the possession granted, he was liable to restore the purchase money received with interest, but not to compensate the vendee for improvements made, or for accretions, from any cause, in the value of the estate.    In a word, the measure of damages for breach of real contracts was to be looked for, not in the value of the estate at the time of the breach or eviction, but in the consideration which passed between the contracting parties."    See also Dumars v. Miller, 34 Pa. 319 ; McNair v. Compton, 35 Pa. 23.

In Bowser v. Cessna, 62 Pa. 148, the Supreme Court, SHARS-WOOD, J., said : " It is equally well settled that the damages to be recovered is the difference between the value of the property at the time of the breach and the sum agreed upon as the price : Ellet v. Paxson, 2 W. & S. 418.    It is true that where a vendor, not willfully and fraudulently, but because unable to make title, has not fulfilled his contract, the vendee can only recover back what he may have paid and the expenses to which he has been subjected, but not the damages sustained by the loss of his bargain : Dumars v. Miller, 34 Pa. 319 ; but that is not because the agreement is by parol.    The same rule applies to written contracts and depends upon different principles to which it is unnecessary at present to advert."

The measure of damages in this state on a broken covenant for title, where there has been no fraud, is the proportion of purchase money lost by failure of title, with interest thereon

from the date of the deed. The rule is thus stated in the syllabus of Doyle v. Brundred, 189 Pa. 113.

In the present case there is no evidence that the plaintiffs went into possession of the land, or that they expended any money on account of the contract at all. It is conceded that Grace Shimer, one of the defendants, was a married woman at the time of the execution of the agreement; her husband did not join in the agreement; at the trial it was proved that the husband refused to join with his wife in the execution of a deed to the plaintiffs, for the reason assigned by him, that his wife was not to receive her share of the purchase money in cash, but in stock of a certain company of which he did not approve. He was not compelled to give any reason, but the proved and conceded reason negatives any possible presumption of fraud. It was also proved at the trial that Avon Barnes refused to execute a deed in pursuance of the contract, because his sisters were not to receive cash for their share of the purchase money, but were to take stock instead of cash. We think this evidence also rebutted any presumption of fraud on the part of Avon Barnes.

The plaintiffs contended that the burden was upon the defendants to show that there was no fraud or collusion on their part; that there was a presumption of fraud and collusion on the part of the defendants arising from the failure to carry out the contract. We cannot agree with this contention. When the plaintiffs had proved the contract and the breach of it, they had made out a prima facie case such as would entitle them to recover. The burden then rested upon the defendants to prove that they were unable to carry out the contract. This they did by clear, direct and uncontradicted evidence which proved such facts as in law constituted such inability. This condition of things established a rule as to the measure of damages. Then, if the plaintiffs desired to bring the case within the rule applying when the inability to carry out the contract is brought about by the fraud or collusion of the defendants, the burden was upon the plaintiffs to prove it. When the defendants proved their inability to carry out the contract, the presumption of law was that it was bona fide. Fraud is never to be presumed; it must be proved by competent testimony and by the parties alleging it. In Rineer v. Collins, 156 Pa. 342 the Supreme Court

said : " According to all authorities the fraud necessary to en-
title the vendee to recover must be such as inheres in the origi-
nal agreement.    A subsequent fraudulent purpose is not
enough."

It does not appear that the plaintiffs ever offered to accept
a conveyance, and pay the purchase money, without Grace
Shimer and her husband joining therein.    The husband did
not sign the contract, and he absolutely refused to join in the
deed ; no earthly power could legally compel him to do so, and
without his joining in the deed, the interest of his wife could
not be conveyed.    Therefore, the defendants could not comply
with their contract.    In addition, the reason given by Avon
Barnes for not joining in the deed seems to be a valid one,
and not fraudulent.    See also Huffman v. Bradshaw, 17 Pa.
Superior Ct. 205, as to refusal of wife to join in the deed.

In addition, as we read the contract, it implies a payment in
cash, if the vendees elected to take the land, and we are unable
to discover in the record any evidence of a straightforward of-
fer on their part to comply with the contract.    It seems that
they were offering stock and securities for the purchase money
which were not specified in the contract.    This was not pressed
at the argument, and we do not rule the case upon that ground,
but it would seem to furnish an excuse for the defendants in
refusing to convey the land.    Upon the facts in this case, we
are not convinced that any of the assignments of error can be
sustained, and they are all overruled, and the judgment is
affirmed.