## Am. Products Co., Appel., *v.* Refining Co.

*Sales—Contracts—Pleading—Plaintiff's statement—Trial—Misleading party—Amendment of statement—Statutory demurrer—New trial—Discretion—Abuse—Act of May 19, 1915, P. L. 543.*

1. In an action against a vendor of goods, over $500 in value, to recover for breach of a parol contract, where the statement of claim is defective in not averring the agreement to have been in writing, or in setting forth facts which would make inapplicable the provisions of section 4 of the Sales Act of May 19, 1915, P. L. 543 the objection should be raised by statutory demurrer, or suggested in subsequent pleadings, or at least interposed by exception to the evidence.

2. If, however, defendant merely denies in the affidavit of defense the existence of the contract, and the case is tried on the merits, and the jury returns a verdict for plaintiff, and plaintiff, on motion by defendant for judgment n. o. v. and for a new trial, avers facts that would take the case from the ban of the Sales Act, and moves for an amendment to the statement based on such facts, the court should grant a new trial and permit the amendment so as to give plaintiff an opportunity to establish by evidence that the case came within the exception of section 4 of the act.

3. Though the grant of a new trial is a matter largely in the discretion of the court below, it should be ordered when necessary to reach a just determination of the controversy.

4. If the making of a contract, which on the face of plaintiff's pleadings is obnoxious to a statute, is denied, it is usually held that the statute is available without being specially pleaded, but in this case the defense of the statute was not interposed on the trial, and plaintiff was accordingly misled.

Argued September 28, 1922. Appeal, No. 110, Oct. T., 1922, by plaintiff, from judgment of C. P. Venango Co., Nov. T., 1920, No. 2, for defendant n. o. v., in case of American Products Co. of Penna. v. Franklin Quality Refining Co. Before MOSCHZISKER, C. J., FRAZER, SIMP-SON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for breach of contract. Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,050. Judgment for defendant n. o. v. Plaintiff appealed.

*Errors assigned* were judgment n. o. v. and refusal of amendment, quoting record.

*W. M. Parker,* with him *Donald Glenn,* for appellant. —Where the defense was not raised by the answer or by objections to evidence but was attempted to be raised for the first time on motion for a directed verdict the statute of frauds has not been sufficiently called to the attention of the trial court to entitle the party relying on it to have it considered on appeal: Erickson v. Wiper, 33 N.

D. 193, 157 N. W. 592.   See also L. R. A. 1917 B 1071, note.

Defendant having once refused the shield of the statute of frauds as a means of defense, he therefore waived it.

*John L. Nesbit,* with him *A. B. Jobson* and *E. W. Criswell,* for appellee.—Where a verbal contract is for a sale in excess of $500, the statement of claim must set forth the facts showing the requirements of the act: Allen v. R. R., 229 Pa. 97.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

Plaintiff brought an action to recover damages for defendant's alleged breach of contract to supply five carloads of oil.   The statement, as amended, averred it was orally agreed that the product should be furnished at a fixed price; also a refusal to ship, on demand. An affidavit of defense denied the existence of any such understanding and liability.   The dispute was submitted to arbitrators, who found for plaintiff, and, after trial on appeal, a jury rendered a like decision.   Binding instructions for defendant had been requested and refused; later, its motion for judgment n. o. v. was sustained on the ground that the parol contract of sale was within the inhibition of section 4 of the Sales Act of 1915, and, therefore, no recovery was permissible.   Prior to the filing of the opinion by the court below, plaintiff offered to amend, averring an actual delivery and receipt of a portion of the goods purchased, thus excepting it from the provisions of the act referred to, which application was not allowed.   Complaint is now made of the refusal to permit plaintiff to make the necessary alteration and of the entry of judgment for the defendant.

It is here insisted that the court was in error in applying the statute of frauds, in view of the failure of defendant to suggest the proposed defense in the affidavit filed, or prior to verdict rendered.   Undoubtedly, the

statement of claim was defective in not averring the agreement to be in writing, or setting forth facts which make inapplicable the provisions of section 4 of the Act of 1915. As a matter of proper practice, this objection should have been raised by statutory demurrer (Franklin Sugar Refining Co. v. Howell, 274 Pa. 190), but was not, nor was it suggested in the subsequent pleadings, as is ordinarily required: Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206. There was, however, an explicit denial that any contract was ever entered into. When such allegation is made, it would be inconsistent for defendant to aver nonliability because the agreement was not in writing. The rule has been thus stated: "If the making of a contract, which on the face of plaintiff's pleadings is obnoxious to the statute, is denied, it is usually held that the statute is available without being specially pleaded": 27 C. J. 370. And this conclusion has been generally reached in the various states, where the question has been considered: Josephson & Sons v. Weintraub, 78 Pa. Superior Ct. 14; note, 49 L. R. A. (N. S.) 16.

It is true certain personal defenses must be affirmatively set up and established, otherwise they are treated as waived; so, a failure to expressly aver the fact that the suit is barred by the statute of limitations prevents objection to recovery on this ground (Barclay v. Barclay, 206 Pa. 307; Murphy v. Taylor, 63 Pa. Superior Ct. 85), and a like ruling has been made where the attempt was to take advantage of the statute of frauds, enacted March 21, 1772,—a copy of the English statute of 29 Car. II,—not including however, sections 4 and 17: Lloyd's Ap., 82 Pa. 485. Under that legislation, and because of the omissions, an action could still be maintained for damages arising from a breach of contract to sell land, though the agreement could not be specifically enforced: Parrish v. Koons, 1 Pars. Eq. Cases 78; Stephens v. Barnes, 30 Pa. Superior Ct. 127. But the Sales Act, now in question, says like claims shall be "unen-

forceable," where the facts bring the case within its terms, reënacting, in effect, section 17 of the early English statute. There is a vital distinction between cases where the claim is originally enforceable by a suit, but recovery thereof may or may not have been lost by a failure to bring it within the time prescribed by the statute of limitations, and those, like the present, where the claim never was enforceable unless the statutory requirements were observed": Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, 223; Josephson & Sons v. Weintraub, supra. So it has been said that statutes, such as now considered, provide not mere rules of evidence, but are limitations on the power of the judiciary to afford a remedy: Manufacturers Light & Heat Co. v. Lamp, 269 Pa. 517.

Though the defendant should call attention to his defense by statutory demurrer or affidavit, we fail to see why the legal bar to recovery may not be raised on his motion for judgment, when the absence of any contract is alleged: Liquid Carbonic Co. v. Truby, 40 Pa. Superior Ct. 634. If, however, he assumes a new position at this late stage of the proceeding, varying from the theory on which the case was tried, the opposing party should be given fair opportunity to meet the new objection suggested, so that the merits of the case may be properly determined. The pleadings here did not call attention to the defense finally interposed, nor did any exception to the evidence offered give notice of the purpose to resist the claim on the ground that the contract was not in writing. When binding instructions for the defendant were asked, they were not based on this proposition, and the contention now insisted upon was first heard on the argument for judgment non obstante veredicto. Then it was met with an application to amend, supported by averment of facts which, if established, would take the case from the ban of section 4.

An amendment to the effect that there was an actual delivery of part of the goods ordered was refused because

the testimony of record failed to show this to be a correct statement, and in this conclusion, as to the evidence introduced on the first trial, we are inclined to believe the court below was correct: Dolan Mercantile Co. v. Marcus Bros., 276 Pa. 404. It does not follow that additional proof cannot be offered. The allegations in the proposed new pleadings were, however, sufficient to bring the case within the exception provided by the Sales Act, and the plaintiff should be given the opportunity of establishing these facts, which he now avers. Clearly, he was led to believe that liability was resisted solely on the ground of nonexistence of any contract,—the jury found to the contrary,—and not that recovery was denied for the reason that the sale price was in excess of $500, the agreement not being evidenced by a writing. Though there was no waiver of this defense, in view of the fact that the making of any contract was disavowed, still when such objection was not earlier called to its attention, plaintiff should be given leave to establish by evidence that it comes within the exception.

The motion for review in the present case was made by defendant under the Act of April 22, 1905, P. L. 286. The court had the power to grant a new trial, or, in the exercise of its judicial discretion, to enter judgment on the whole record in favor of the party entitled thereto. Disregarding the application for an amendment to meet the new defense, it decided in favor of the appellee. In view of the circumstances here appearing, we are of opinion that a contrary course should have been pursued, and plaintiff permitted to show, at a subsequent trial, that its claim was not within the purview of the statute of frauds.

If evidence is available to support the plaintiff's claim, an opportunity to present it should be afforded. Though the grant of a new trial is a matter largely in the discretion of the court below, it should be ordered where necessary to reach a just determination of the merits of the controversy: Finch v. White, 190 Pa. 86; Alianell v.

Schreiner, 274 Pa. 152; Buehler v. Rapp, 2 Woodward 443. The amendment should have been permitted and a new trial granted.

The assignments of error are sustained and the judgment is reversed and a venire facias de novo awarded.