## Brown, Appellant, *v.* Sheaffer.

*Sales—Personalty—Oral contract—Sec. 4 of the Sales Act of 1915—Pleadings.*

The provision of Section 4 of the Sales Act of 1915, P. L. 543, providing that a sale of goods of the value of $500.00 or over "shall not be enforceable" unless there is some memorandum in writing signed by the party to be charged, is a limitation upon judicial authority to afford a remedy.

An oral contract for the sale of tobacco of a value exceeding $500 will not be enforced, in an action of assumpsit thereon, although the statute was not pleaded.

Argued March 13, 1928. Appeal No. 188, October T., 1927, by plaintiff from judgment of C. P., Lancaster County, August T., 1925, No. 101, in the case of Arthur E. Brown v. Levi M. Sheaffer. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an oral contract for the sale of tobacco. Before HASSLER, J.

Verdict for plaintiff in the sum of $907.34. Subsequently, upon motion, the court entered judgment non obstante veredicto, in favor of the defendant. Plaintiff appealed.

*Error assigned* was the granting of defendant's motion for judgment non obstante veredicto.

*Paul A. Mueller,* for appellant.

*G. T. Hambright,* and with him *John E. Malone,* for appellee.

Opinion by Linn, J., April 16, 1928:

Plaintiff appeals and complains that defendant's motion for judgment n. o. v. was granted.

The suit was on an oral contract for the sale of tobacco of a value exceeding $500. Plaintiff got a verdict for the amount of his alleged loss on resale of the tobacco after defendant refused to accept it. The court entered judgment for defendant on the ground that no breach of contract was shown. We shall not consider the record in that light, as the contract is unenforceable; section 4 Sales Act 1915 P. L. 543. The court below thought this defense was not available because the affidavit of defense did not specifically plead it. Section 4 provides that "A contract to sell......any goods......of the value of $500 or upwards shall not be enforceable by action unless ......some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." That provision is a limitation upon the judicial authority to afford a remedy; Mfrs. Light, etc., Co. v. Lamp, 269 Pa. 517, 520.

The affidavit of defense denied that defendant made the contract sued on. The evidence showed that the whole transaction was oral. It is well settled that as the statute prescribes that such oral contract is not enforceable, the statute need not be pleaded: Josephson v. Weintraub, 78 Pa. Superior Ct. 14, 18; Mfrs. Light, etc., Co. v. Lamp, supra; Bayard v. Knitting Mills, 290 Pa. 79.

Judgment affirmed.