## Leonard *v.* Martling, Appellant.

207

Argued September 30, 1953.   Before RHODES, P. J.,
HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Thomas W. Maher,* with him *Edward Paul Smith,*
for appellant.

*Daniel B. Michie, Jr.,* with him *William C. Hamil-
ton* and *Fell & Spalding,* for appellee.

OPINION BY ROSS, J., November 18, 1953:

This appeal is based upon the refusal of the court
below to enter judgment on the pleadings in an as-
sumpsit action.

Plaintiff, John J. Leonard, a dentist, filed a com-
plaint in assumpsit wherein he averred the perform-
ance of professional services for the defendant Gerald
E. Martling extending over a period of some 14 months;
that the defendant Gerald E. Martling paid for part
but not all of the said professional services; that "Dur-
ing the course of the aforesaid dental services . . . Har-
vey B. Martling, a brother of Defendant Gerald E.
Martling, orally guaranteed Plaintiff that he would
pay any charges the Defendant Gerald E. Martling
might incur by reason of the said services", and that
in reliance on the said oral guarantee, "Plaintiff con-

tinued to perform dental services for Defendant Gerald E. Martling".

The defendant Gerald E. Martling filed an answer and counterclaim. The answer denied liability on the ground that the work performed by plaintiff was "unsatisfactory"; and, in answer to the corresponding paragraph of the complaint, denied knowledge of any "guarantee" alleged to have been made by the defendant Harvey B. Martling. The counterclaim sought damages arising out of plaintiff's "lack of skill or wrong dental procedure".

The answer of the defendant Harvey B. Martling denied that he did "orally or in writing guarantee or state" to plaintiff that he would pay for services rendered by plantiff for Gerald E. Martling; and further "that Defendant, Harvey B. Martling never either before, during, or after Plaintiff dealt with Gerald E. Martling, agree with Plaintiff either orally or in writing to be responsible for any debt or debts of Gerald E. Martling to the Plaintiff".

Plaintiff filed a reply to the defendant Gerald E. Martling's counterclaim and the pleadings were closed. The case came on for trial in the Municipal Court of Philadelphia County before a judge and jury. Before the jury had been sworn, attorney for defendants stated to the court: "I would like to make a motion for judgment on the pleadings as to Harvey B. Martling in the nature of a statutory demurrer . . . The reason is the only allegation showing liability is the oral guarantee for the debt of another". The motion was dismissed and the trial proceeded.

Plaintiff testified that during the period he was performing services for Gerald E. Martling, the defendant Harvey B. Martling stated to plaintiff that he "would back his brother", that he, Harvey, "would stand behind Gerry in taking care of the payments".

The defendants made no objection to this testimony. At the close of plaintiff's case the defendant Harvey B. Martling moved for a nonsuit but this motion was refused. The defendant Harvey B. Martling testified with respect to the alleged oral promise to answer for the debt of his brother: "I told Dr. Leonard when I sent my brother to him at first that I would help him out on this bill, that I would render him some assistance. I told Dr. Leonard the same thing when we discussed the unsatisfactory temporary denture, providing Dr. Leonard would make a satisfactory permanent denture."

From a jury verdict against both defendants and judgment entered thereon, the defendant Harvey B. Martling has appealed to this Court.

The Act of April 26, 1855, P. L. 308, Section 1, 33 PS §3, provides, inter alia: "No action shall be brought . . . whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized." Whether a promise is within the statute and thus required to be in writing depends upon the object of the promise as revealed by the form of the alleged promise and the circumstances surrounding the making thereof. If the promise is to answer for the debt or default of another the promise is, of course, within the statute. If, on the other hand, the " 'main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damages to the other contracting party, his promise is not within the statute, although it may be in form a provision to pay the debt of another, although the result of it

may incidentally have the effect of extinguishing that liability . . .' ". *Eastern Wood Products Co. v. Metz,* 370 Pa. 636, 641, 89 A. 2d. 327; *Davis v. Patrick,* 141 U. S. 479, 488. We think it clear, in view of this "main purpose and object" test, that the promise of the defendant Harvey B. Martling to answer for the debt or default of his brother was within the statute and by it required to be in writing.

Pa. R. C. P. 1030 provides: "The defenses of . . . *statute of frauds,* statute of limitations and waiver *shall* be pleaded in a responsive pleading under the heading 'New Matter'. Any other affirmative defense may be similarly pleaded." (Italics supplied). The defendant Harvey B. Martling did not raise the defense of the statute of frauds in the manner prescribed by Pa. R. C. P. 1030. The court below held that the defendant lost his opportunity to rely on the statute of frauds by not pleading it.

The defendant takes the position that Pa. R. C. P. 1032 saved his right to interpose the defense of the statute of frauds at the trial of the case. Rule 1032 provides, inter alia: "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, . . . may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits . . ." Defendant argues that "because the plaintiff had failed to state a claim upon which relief could be granted" he was entitled to and did move for "judgment on the pleadings".

The provision of the Act of May 14, 1915, P. L. 483, comparable to and suspended by Pa. R. C. P. 1030 is Section 16 which provides, in part: "Neither party shall be permitted at the trial to make any de-

fense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be, . . ." Under this section the decisions were to the effect that if plaintiff's pleading discloses a contract obnoxious to the statute of frauds, and the defendant denies the making of the contract, the statute is available without being specially pleaded.

In *Am. Products Co. v. Refining Co.*, 275 Pa. 332, 119 A. 414, (1923), plaintiff brought an action to recover damages for defendant's alleged breach of an oral contract to supply 5 carloads of oil. Plaintiff had a jury verdict but the lower court sustained defendant's motion for judgment n.o.v. on the ground that the parol contract of sale was within the inhibition of the statute of frauds provision of the Sales Act. Plaintiff, before the opinion was filed, offered to amend averring actual delivery and receipt of a portion of the goods purchased, thus excepting the contract from the statute. No amendment was permitted. The Supreme Court reversed and awarded a venire facias de novo on the ground that plaintiff was prejudiced by defendant's tardy assertion of the defense of the statute of frauds and should be permitted to show that the contract was not within the purview of the statute.

The case is important here because the Court considered timely defendant's assertion of the statute of frauds as a defense even after a verdict for plaintiff. Of even greater importance is the reason for the Court's position as expressed in the following language from the opinion: "It is true certain personal defenses must be affirmatively set up and established, otherwise they are treated as waived; so, a failure to expressly aver the fact that the suit is barred by the statute of limitations prevents objection to recovery on this ground (Barclay v. Barclay, 206 Pa. 307; Mur-

phy v. Taylor, 63 Pa. Superior Ct. 85), and a like rul-
ing has been made where the attempt was to take ad-
vantage of the statute of frauds, enacted March 21,
1772,—a copy of the English statute of 29 Car. II,—
not including however, sections 4 and 17: Lloyd's Ap.,
82 Pa. 485. Under that legislation, and because of the
omissions, an action could still be maintained for dam-
ages arising from a breach of contract to sell land,
though the agreement could not be specifically en-
forced: Parrish v. Koons, 1 Pars. Eq. Cases 78;
Stephens v. Barnes, 30 Pa. Superior Ct. 127.. But the
Sales Act, now in question, says like claims shall be
'unenforceable,' where the facts bring the case within
its terms, reenacting, in effect, section 17 of the early
English statute. There is a vital distinction between
cases where the claim is originally enforceable by a
suit, but recovery thereof may or may not have been
lost by a failure to bring it within the time prescribed
by the statute of limitations, and those, like the pres-
ent, the claim never was enforceable unless the statu-
tory requirements were observed': Mason-Heflin Coal
Co. v. Currie, 270 Pa. 221, 223; Josephson & Sons v.
Weintraub, supra. So it has been said that statutes,
such as now considered, provide not mere rules of evi-
dence, but are limitations on the power of the judi-
ciary to afford a remedy: Manufacturers Light & Heat
Co. v. Lamp, 269 Pa. 517."

*Bayard v. Pa. Knitting Mills Corp.,* 290 Pa. 79,
137 A. 910, involved an agreement to answer for the
debt or default of another. On appeal, after a judg-
ment for the defendant entered on the ground that
there was no agreement in writing, plaintiff urged
that defendant having failed to expressly plead the
benefit of the statute could not take advantage of it.
The judgment for the defendant was affirmed. The
apparent basis for the decision of the Supreme Court

is that "judgment should be entered for the defendant where the evidence shows the contract not to be legally sustainable" (page 86).

In *Brown v. Sheaffer,* 93 Pa. Superior Ct. 246, an action of assumpsit was brought on an oral contract for the sale of tobacco of a value exceeding $500. After judgment for the plaintiff, the court below entered judgment for defendant on the ground that no breach of contract was shown. This Court affirmed the judgment on the ground that Section 4 of the Sales Act of 1915, P. L. 543, required the contract in suit to be in writing, and the evidence disclosed the transaction to be oral. In such a case, we stated, the "oral contract is not enforceable" and "the statute need not be pleaded".

*Sferra v. Urling et al.,* 328 Pa. 161, 195 A. 422, is an opinion by Mr. Chief Justice KEPHART containing a comprehensive exposition of the question presently before this Court. The question before the Supreme Court in that case was whether Section 1 of the Act March 21, 1772, 1 Sm. L. 389, 33 PS §1, is " a rule of substantive law, which must be applied by the trial court in spite of the fact it is not called to the court's attention in any manner, or is the failure to invoke the statute at some stage of the proceedings prior to appeal an irrevocable waiver of it by the party who would derive advantage from its application?" The Court held that the statute of frauds there under consideration was not a rule of substantive law and that it could be and was waived by failure to assert it prior to appeal. The Court recognized the validity of its own decision in *Am. Products Co. v. Refining Co.,* 275 Pa. 332, supra, but stated that Section 4 of the Sales Act imposes a "limitation on the judiciary to afford a remedy" to the promisee under an oral contract only because that statute of frauds makes such contracts

"unenforceable". The statute of frauds before the Supreme Court in the *Sferra* case "merely says oral leases of more than three years shall have the effect of tenancies at will" and thus does not deprive such leases "entirely of legal effect".

In the case at bar the relevant statute of frauds provides that *no action shall be brought* to charge a defendant upon a promise to answer for the debt or default of another, unless such agreement shall be in writing. The italicized words are at least the equivalent of "unenforceable". We hold, accordingly, that Section 1 of the Act of 1855, 33 PS §3, supra, constitutes a limitation on the judiciary to afford a remedy; and must, therefore, be applied by the Court to defendant's advantage despite his failure to plead it.

The statutes of frauds required to be pleaded by Pa. R. C. P. 1030 are those such as the one considered in *Sferra v. Urling et al.*, supra, where noncompliance does not deprive the agreement of legal effect nor limit the power of the judiciary to afford a remedy. A statute of frauds, such as the one in the instant case, which constitutes a substantive rule of law cannot be included in the operation of rule 1030. The Act of June 21, 1937, P. L. 1982, No. 392, Section 1, 17 PS §61, under authority of which the procedural rules were promulgated, specifically provides that such rules "shall neither abridge, enlarge nor modify the substantive rights of any litigant".

The plaintiff relies heavily upon the recent case of *Martin v. Wilson,* 371 Pa. 529, 92 A. 2d 193. We find that case consistent with our present position. In the *Martin* case the plaintiff filed a complaint in assumpsit wherein he alleged that defendant was the owner of certain shares of stock; that plaintiff offered to buy said stock for $372 per share, or a total sum of

$89,280; that plaintiff orally accepted this offer, paid defendant $2,000 on account, and arranged for payment of the balance and transfer of the stock; that he was prepared at the appointed time to make settlement but defendant refused delivery of the shares. The trial judge entered a compulsory nonsuit on the ground that, plaintiff having declared on an oral agreement, the writings he offered in evidence did not meet the requirements of the statute of frauds as memoranda of the contract, and that defendant could take advantage of the statute notwithstanding his failure to plead it as "New Matter". The court en banc refused to take off the nonsuit, and from judgment entered thereon plaintiff appealed. The judgment was reversed and a new trial granted.

The reason for the action of the Supreme Court is to be found in the following language from the opinion: "The court below was of opinion that defendant's failure to plead the statute was excused by Rule 1032, which provides an exception where plaintiff has failed to 'state a claim upon which relief can be granted'; since the Sales Act of May 19, 1915, P. L. 543, section 4, makes oral contracts for the sale of goods or choses in action of the value of $500 or upwards unenforceable, it was assumed that plaintiff's statement of claim did not state a claim upon which relief could be granted. However, the Sales Act provides that the penalty of non-enforceability shall not apply if the buyer gives something in earnest to bind the contract or in part payment, or if some note or memorandum in writing of the contract or sale is signed by the party to be charged. Plaintiff here alleged in his statement of claim that he paid defendant the sum of $2,000 on account of the purchase price, and he also averred, in the course of his pleadings, that there were written memoranda of the contract signed by defendant; there-

fore, he did not fail to 'state a claim upon which relief can be granted'."

The distinction between the *Martin* case and the case at bar is, of course, immediately apparent. Here the complaint alleges an oral promise by defendant to answer for the debt or default of another, and there is no further allegation of fact in the complaint showing circumstances which would remove that promise from the operation of the statute of frauds. Plaintiff has, therefore, failed to "state a claim upon which relief can be granted" and the defendant's failure to plead the statute of frauds was excused by Pa. R. C. P. 1032.

The judgment against Harvey B. Martling is reversed and here entered in his favor.