## Todd v. Marnhout

Before Duff, Brown and Van der Voort, JJ.

*Abraham J. Glick*, for plaintiff.

*Martin E. Geary*, for additional defendant.

BROWN, J., May 11, 1961.—This matter is before the court en banc on motion of additional defendant for judgment non obstante veredicto upon the whole record, and rule to show cause why the verdict against additional defendant should not be stricken from the record.

Plaintiff, Robert J. Todd, received personal injuries and automobile damages in an accident in the City of Pittsburgh on December 14, 1956, and on December 2, 1958, brought suit against Jack S. Marnhout and Thomas Martin, defendants, by summons, which were served on said defendants on December 9, 1958. On January 5, 1959, one of original defendants ruled plaintiff to file a complaint, which plaintiff filed January 29, 1959.

On February 2, 1959, Jack S. Marnhout issued praecipe for summons to join William C. Lever as additional defendant, and on February 11, 1959, the complaint against additional defendant was served on the Secretary of the Commonwealth, averring that the said William C. Lever as additional defendant was either solely or jointly and severally liable to plaintiff. Praecipe for issue was filed February 18, 1959.

On February 20, 1959, complaint of Thomas Martin to join William C. Lever as additional defendant was filed, averring that the said Lever, as additional defendant, was either solely or jointly liable to plaintiff.

Martin E. Geary, Esq., filed an appearance for additional defendant in January, 1961, and the case proceeded to trial before a jury on February 27, 1961. On March 7, 1961, additional defendant, through his counsel, filed a point for binding instructions, which was refused by the court, and on the same day the jury rendered a verdict in favor of plaintiff against additional defendant only, in the sum of $12,000 and verdicts in favor of original defendants.

On March 10, 1961, motions were filed by additional defendant for rule to show cause why the verdict against additional defendant should not be stricken, and for judgment n. o. v. on the legal basis that plaintiff's claim against additional defendant was barred by the statute of limitations.

The narrow issue here involved may be stated as follows: May additional defendant, who failed to raise the defense of the statute of limitations either as "New Matter" or in the nature of preliminary objections, until after verdict, raise or plead the statute of limitations at this time? We hold that he cannot.

"Such defenses enumerated in Pa. R. C. P. 1030' as . . . statute of limitations, etc., must, under that rule, be pleaded or else they are waived under Rule 1032": Leonard v. Martling, 378 Pa. 339, 344. See also Filler Products, Inc. v. Corriere, 381 Pa. 394, 399.

The statute of limitations may be raised by demurrer if the cause of action is statutory and the statute affects the cause of action itself, rather than merely the remedy, or where the bar of the statute appears on the face of the complaint. In Quaker City Chocolate and Confectionery Co. v. Delhi-Warnock Building Association, 357 Pa. 307, page 314, the court held:

"However, if a defendant chooses to raise the bar of the statute [of limitations] it must be pleaded; it is not a defense absolute of which the court will take judicial notice on the allegations of the plaintiff's statement of claim, and therefore it cannot be taken advantage of by demurrer."

In Echon, Admrx. v. Pennsylvania Railroad Co., 365 Pa. 529, at page 533 the court said:

"Rule 1030 of the Rules of Civil Procedure is made applicable to actions in trespass by Rule 1045(c). Rule 1030 provides: 'The defenses of . . . statute of limitations and waiver *shall be pleaded* in a responsible pleading under the heading "New Matter". Any other

affirmative defense may be similarly pleaded': . . . Rule 1045(c) relating to actions in trespass provides: 'The affirmative defenses enumerated in Rule 1030 *must be pleaded.*' "

Moreover, our procedural rule 1032 provides that a party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and (2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action. Neither of the above exceptions applies to the statute of limitations.

Additional defendant cites as authority for his legal position the recent case of Johnson v. Dick, 401 Pa. 637, and quotes the following language from the opinion of Mr. Justice Bok, page 638:

"To complete the procedural posture of the case, plaintiff brought his suit one day before the Statute of Limitations expired, and service was made on the defendant after its expiration. Defendant promptly moved to bring in the additional defendant, but because the statute had already run, the only liability that could be asserted against the additional defendant was its liability over to defendant for contribution. Hence plaintiff has no case against the additional defendant, and if his case against defendant falls the additional defendant has no liability to anyone."

However, our review of the paper books in that case discloses that the answer filed on behalf of additional

defendant raised as "New Matter" the statute of limitations. No such pleading was made by additional defendant in the instant case.

There is, in our opinion, serious doubt as to whether or not the present motions filed by additional defendant are the proper ones to review the narrow question of law which he presents. However, since we understand the issue here involved, we are deciding the same even though there may be some defect in the way in which it has been raised.

We are fully aware of the fact that liberal interpretation should be given to "Our modern procedure, as exemplified by the Rules of Civil Procedure," the purpose of "which is to further simplify and expedite the disposition of matters involving numerous parties with divergent interests," and that "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives": Coppage v. Smith, 381 Pa. 400, pages 404-05.

A liberal interpretation is quite different from a refusal to comply with the rule in its entirety, for what the additional defendant asks is that we do the latter, that is, ignore the rule entirely, which we do not feel that we have, under the circumstances here, the legal power to do.

For the reasons above set forth, the motion for judgment n. o. v. on the whole record will be refused, and the rule to show cause why the verdict against additional defendant should not be stricken from the record will be discharged.

### Order of Court

And now, to wit, May 11, 1961, after oral argument, submission of briefs and careful consideration thereof, it is ordered that the motion for judgment non obstante veredicto on the whole record, on behalf of additional defendant, be and the same is hereby refused, and the

rule to show cause why the verdict against additional defendant should not be stricken from the record be and the same is hereby discharged, and judgment to be entered upon payment of the verdict fee.