## Myers Lumber Co., Inc. v.
## First Federal S. & L. Assn.

*Frank J. Gormley*, for plaintiff.

*Cletus M. Lyman* and *Thomas L. Kennedy*, for defendants.

OLSZEWSKI, *J.*, March 4, 1975.—This matter comes before the court on the preliminary objection of Myers Lumber Company, Inc. ("plaintiff") to the preliminary objections of First Federal Savings and Loan Association of Hazleton ("defendant"). Defendant's preliminary objections to plaintiff's complaint were endorsed with a "Notice to Plead." Plaintiff did not file an answer to defendant's preliminary objections. Accordingly, the only matter before the court at this time is the preliminary objection to the preliminary objections. See Psihoulis v. Wyoming Radio, Inc., 53 Luz. L. J. 9 (Bigelow, J., 1962).

The nature of plaintiff's preliminary objection was not labeled. In support of the preliminary objection to the preliminary objections, the following reason was advanced:

"1. The Act of April 26, 1855, P. L. 308, Section 1 cannot be raised by Preliminary Objections but must be raised as new matter in the Answer.": Act of April 26, 1855, P. L. 308, 33 PS §3.

Under the circumstances, we will treat this preliminary objection as a demurrer.

In the case at bar, plaintiff instituted a complaint in assumpsit against defendant for the sum of $6,-647.54 for lumber and building materials allegedly furnished upon the promise of defendant to pay for the same out of the proceeds of a certain loan. Defendant approved of a loan to Mr. and Mrs. Lawrence C. Dull, secured by a mortage for the construction of a certain dwelling in Luzerne County. Raymond A. Horan, additional defendant, was the contractor ("contractor"). The only writing to appear in the complaint is a statement by the contractor stating that the defendant is authorized to make payments to plaintiff for material delivered for that particular job. No allegations or writings were attached to the complaint authorizing defendant to disburse any moneys from the Dulls' account.

The case at bar involves the question whether this particular statute of frauds was waivable or not.

We believe that our Supreme Court, in Blumer v. Dorfman, 447 Pa. 131, 136, 137, 289 A.2d 463 (1972), answered the issue raised herein when Mr. Justice Pomeroy, speaking for the court, stated:

"The cloud of confusion which for many years had enveloped the subject of when the defense of the Statute of Frauds was waivable and when not was

lifted in Brown v. Hahn, 419 Pa. 42, 49, 213 A.2d 342 (1965) wherein Mr. Justice (now Chief Justice) Jones, speaking for the Court, concisely summarized the distinction between the two: 'Bearing in mind that the provisions of the several Statutes of Frauds differ in that language and that provisions of some Statutes of Frauds make unenforceable or void oral agreements in violation thereof while provisions of other Statutes of Frauds constitute declarations of public policy, the appropriate rule is that, if the particular statute operates to bar or destroy the plaintiff's right of action, i. e., is a limitation on the power of the judiciary to afford a remedy, such statute constitutes a ground for demurrer and may be raised by preliminary objections: on the other hand, if the statute merely gives the defendant a waivable defense, such defense must be raised under Rule 1030 (New Matter) and not under Rule 1017(b) (Preliminary Objections).'

"When previously confronted with the statute covering promises to answer for the debt or default of another, this Court held that the language in the Act of 1855 (see footnote 1) that 'no action shall be brought' indicated a nonwaivable provision of the Statute of Frauds. Leonard v. Martling, 378 Pa. 339, 106 A.2d 585 (1954."

Accordingly, we enter the following

## ORDER

It is ordered, adjudged, and decreed that the preliminary objection of plaintiff to the preliminary objections of defendant is hereby dismissed; and plaintiff is granted 20 days from the date hereof to file an answer to the preliminary objections of defendant.