## Flanders v. Wines

*F. C. Jones, Jr.* and *John H. Cartwright,* for plaintiff.

*Paul B. Greiner,* for defendant.

TRAMBLEY, J., July 29, 1954.—From the complaint filed in this case it appears that defendant, Harry Wines, was engaged during, and previous to, October 1952, in the business of promoting and drilling gas and oil wells. In October 1952 and previously thereto, said Harry Wines visited William T. Flanders, plaintiff, at Sinnamahoning and discussed the availability of leases for oil and gas purposes.

On one particular occasion during October 1952, when defendant was discussing with plaintiff the leasing of gas and oil lands, defendant promised and agreed orally with plaintiff that if plaintiff would give him information or any kind of help or assistance by or through which he, defendant, would secure any oil and gas leases, he would give plaintiff the one half of any profit or gain, he, defendant, would make by his dealings with, selling, assigning or subletting such leases, in payment for such information.

Plaintiff told defendant of certain lands situate in Benezette Township, Elk County, owned by Stanley Grafton and Eve Grafton, his wife, which, he, plaintiff, believed was available for leasing. Plaintiff also advised defendant where he could contact the Graftons.

As a result of this information, defendant obtained a gas and oil lease on the Grafton property. Later, defendant assigned said lease to E. Kent Kane for the sum of $3,000 and also received $500 for an extension of the time limit for the drilling of a well on said premises. The payment of the $3,000 for the assignment of the lease was made by said E. Kent Kane in two checks, one in the amount of $1,000 and the other in the amount of $2,000. Later, defendant came to plaintiff and exhibited a check drawn to his order by E. Kent Kane in the sum of $1,000 and told plaintiff that in compliance with the agreement between them he was going to give plaintiff the one half of the

amount of the said check as soon as it cleared the drawer's bank after deducting plaintiff's share of expenses in securing the lease. Defendant failed to inform plaintiff that he had also received another check in the amount of $2,000, the sum of $500 for the 30-day extension of the lease, and an overriding royalty of one-sixteenth of twenty-five cents per 1,000 cubic feet of gas and the one-sixteenth of any oil produced from these premises.

That up to the present time defendant has either refused or failed to account for, or pay to, plaintiff the one half of the cash or money consideration of $3,500 received by him for assigning the Grafton lease to E. Kent Kane, including the $500 called for in said assignment for a 30-day extension of said lease, or to assign and transfer to said plaintiff the one half of the overriding royalty of one sixteenth of twenty-five cents per 1,000 cubic feet of gas and the one sixteenth of any oil produced from the leased premises.

That plaintiff is advised and believes and therefore avers that the drilling of a well has commenced on the leased premises.

Plaintiff, therefore, asks for relief in that:

1. Harry Wines be enjoined and restrained temporarily until final hearing and perpetually thereafter from conveying, selling, transfering and assigning or otherwise disposing of any of the overriding royalty of one-sixteenth of the twenty-five cent per 1,000 cubic feet of gas and the one-sixteenth of any oil produced in the aforesaid property of Stanley Grafton and Eve Grafton, his wife, which overriding royalty of the gas and interest in the oil was retained by defendant in the assignment by him to E. Kent Kane.

2. That defendant, Harry Wines, specifically performed his agreement with plaintiff and convey, sell, transfer and assign unto plaintiff by written instru-

ment properly acknowledged so that the same might be recorded, the one half of the overriding royalty of one-sixteenth of twenty-five cents per 1,000 cubic feet of gas, and the one half of the one-sixteenth of any oil produced from said property of Stanley Grafton and Eve Grafton, his wife, which overriding royalty of the gas and interest in the oil was retained by said defendant as heretofore set forth.

3. That plaintiff be awarded the one half of $3,500, being the money or cash consideration paid to defendant for the assignment of the Grafton lease and the extension thereof, less the lawful expenses incurred by defendant in the securing of said lease and extension thereof.

Defendant filed preliminary objections to plaintiff's complaint as follows:

1. Plaintiff has a full, complete and adequate remedy at law.

2. On the face of the pleadings it appears that if the plaintiff has a cause of action it has not yet accrued and the present action is premature.

3. The complaint fails to state a cause of action on which a decree of specific performance can be awarded.

## Discussion

In disposing of defendant's preliminary objections we must assume that the facts set forth in the plaintiff's complaint which are well pleaded are true. This includes the averment that a well had been commenced on said premises at the time the complaint in equity had been filed. It was also set forth in plaintiff's brief and not denied that at the time of the argument and of the filing of the brief this well had been completed and was a producing well. This being the case we do not see how it can be contended that plaintiff has a full, complete and adequate remedy at law as the

amount of his damages, if any, can only be partially determined at this time. If his claim as to the amount received from E. Kent Kane for the assignment of the leases and the extension thereof is true, and for the purpose of disposing of the preliminary objections we must assume that it is, then that portion of his claim could be definitely determined and decided in an action at law. But here we have other considerations. How can the amount which may be due plaintiff from the proceeds of any gas and oil be determined in an action at law, except as to the amount which might be due at the time suit is brought? Future amounts due certainly could not be determined in such an action nor could payment of them be provided for in an action at law. The only way in which payment of such amounts could be provided for would be by bringing suits periodically or waiting until all the oil and gas in the wells drilled on the property covered by the lease was exhausted and then bring a suit for the total amount due. That might take many years, and, in our opinion, would not be just and fair to plaintiff. Any remedy which is not just and fair is not full, adequate and complete.

A remedy which is full, adequate and complete must not leave open for future litigation matters really and substantially involved: Warren v. Boggs, 83 W. Va. 89, 97 S. E. 589.

A legal judgment, if rendered at this time, could not dispose of all the issues in this case. In such case equity will take jurisdiction in order to avoid a multiplicity of suits.

We, therefore, hold that plaintiff does not have a full, complete and adequate remedy at law and that this is a proper action for equity jurisdiction. This preliminary objection is therefore overruled.

The second preliminary objection is that, "On the face of the pleadings it appears that if the plaintiff has a cause of action it has not as yet accrued and the present action is premature".

We agree with the contention of plaintiff that the cause of action in this case accrued to plaintiff at the time defendant secured the lease from the Graftons.

We further agree with the contention of plaintiff that this preliminary objection is not proper under Rule 1017(b) of the Pennsylvania Rules of Civil Procedure. This preliminary objection is, therefore, overruled.

The third preliminary objection is that, "The complaint fails to state a cause of action on which a decree of specific performance can be awarded".

This objection goes to the merits of the case, and the court is of the opinion that the merits of the case cannot be determined by preliminary objection unless the court is of the opinion that the complaint does not set forth a good cause of action and this question is raised by preliminary objection. We are not so convinced in this case.

We are of the opinion that the statute of frauds does not enter into this case, but, even if it did, this question was not raised by any preliminary objection filed and is not a question which can be raised by preliminary objections.

The court, therefore, makes the following

*Order*

Now, July 29, 1954, the preliminary objections filed by defendant in this case are overruled and dismissed, and defendants are required to file an answer within 20 days from the filing of this opinion and order.