Brown, Appellant, v. Hahn.

Argued April 27, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Andrew Mutch Knowlton,* with him *Joseph R. Young,* for appellants.

*Harry J. Bradley,* with him *Albert E. Holl, Jr.,* and *Brooks, Oliver, McCartney & Holl,* for appellees.

OPINION BY MR. JUSTICE JONES, September 29, 1965:

George Hahn and Katie Hahn, his wife (Hahns), owned realty located at 901 and 911 Woodland Avenue, Sharon Hill Borough, Delaware County. On June 29, 1964, they entered into a written agreement, *signed by both of them,* with Raymond A. McPherson, Inc., a licensed auctioneer, for the sale *at auction* of their properties.

In pertinent part, this written agreement provided: (1) that the acutioneer was authorized to offer the properties for sale either severally or as an entirety; (2) that the auctioneer list the property for sale on or before July 28, 1964; (3) that the *"property shall be sold without limit or reserve"*; (4) that "the property shall be sold to the highest bidder at the said sale" and that the auctioneer should act as Hahns' "attorney-in-fact" to make, execute and deliver a contract of sale; (5) that Hahns agreed to give the buyer a deed in accordance with this agreement and the auctioneer's contract of sale.

The auctioneer then scheduled and advertised the sale for July 28, 1964. At sale time the auctioneer circulated another writing, termed "Conditions of Sale",[1] which stated, inter alia, that the sale was an *absolute*[2] auction, that Hahns were present "for the purpose of confirming the sale"[3] and that Hahns reserved the right to accept the highest bid price, whether as individual parcels or an entirety.

---

[1] By stipulation of the parties both this instrument and the agreement were made part of the record.

[2] The word "absolute" was handwritten in the printed writing in a blank provided for that purpose.

[3] Hahns were present at the sale.

John K. Brown and Helen M. Brown, his wife (Browns), were high bidders at the auction both on the individual parcels and on the entirety. The auctioneer "knocked down" the properties to Browns, Browns tendered the required deposit but Hahns refused the tender and stated that they would not sell to Browns.

Browns then instituted an equity action against Hahns in the Court of Common Pleas of Delaware County seeking specific performance of an alleged contract to sell the properties. Preliminary objections were filed wherein, inter alia, Hahns averred that, inasmuch as the complaint alleged an oral contract for the sale of real estate without alleging a memorandum in writing signed by Hahns, the Statute of Frauds[4] barred the action. Later by stipulation, Browns reserved the right to challenge the propriety of raising the Statute of Frauds by preliminary objections under Pa. R.C.P. 1017(b) rather than by way of "New Matter" under Pa. R.C.P. 1030.

The court below dismissed Browns' complaint. The basis for its ruling was two-fold: (a) that the question of the Statute of Frauds was properly raised by preliminary objections; (b) that, when Browns' bid was accepted by the auctioneer, an oral agreement for the purchase of the realty arose but, since the "Conditions of the Sale" were not signed by Hahns, Hahns had the right to withdraw the realty from sale and the oral agreement, by reason of the Statute of Frauds, could not be enforced. The validity of that decree is now before us.

Our first inquiry involves the availability of preliminary objections to raise the Statute of Frauds to this complaint in equity. Rule 1017(b) provides that:

---

[4] Section 1 of the Act of March 21, 1772, 1 Sm. L. 389, 33 P.S. §1.

"(b) Preliminary objections are available to any party and are limited to (1) a petition raising a question of jurisdiction; (2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter; (3) a motion for a more specific pleading; (4) a demurrer; and (5) a petition raising the defense of lack of capacity to sue, pendency of a prior action, non-joinder of a necessary party or misjoinder of a cause of action." Rule 1030 provides: "New Matter. All affirmative defenses, including but not limited to the defenses of . . ., statute of frauds . . ., shall be pleaded in a responsive pleading under the heading 'New Matter'." By Pa. R.C.P. 1501 the procedures set forth in Rules 1017(b) and 1030 are made applicable to actions in equity.[5]

Whether the Statute of Frauds *must* be raised *only* as an affirmative defense under Rule 1030 or *may* be raised by preliminary objections in the nature of a demurrer depends initially upon the language and nature of the provisions of the particular Statute of Frauds involved.

In the promulgation of the Rules of Civil Procedure it was intended to retain the historic distinction between those statutes which affect the right of a plaintiff to bring an action and those statutes which merely present the defendant with a permissive defense which might be waived by the defendant if not asserted. Stated otherwise, if the particular Statute of Frauds operates to bar or destroy the plaintiff's right of action, irrespective of the action of the defendant, such statute may be raised by preliminary objections under Rule 1017(b); however, if the particular Statute of Frauds merely gives the defendant a waivable defense, the

---

[5] See also: Pa. R. C. P. 1509 in reference to preliminary objections in equity actions.

plaintiff will have stated a cause of action to which the defendant may, if he chooses, defend on the ground of the statute and, under such circumstances, the statute must be asserted under "New Matter" under Rule 1030.

This distinction was recognized in *Leonard v. Martling,* 378 Pa. 339, 106 A. 2d 585, where the plaintiff alleged an oral guaranty of the debt of one person by a third person and the defendant did not raise the question of the Statute of Frauds (Act of April 26, 1855, P. L. 308, §1, 33 P.S. §3) by preliminary objections or answer but by a motion for judgment on the pleadings before the jury in the trial was sworn and this Court held that, even though Rule 1030 provided that certain enumerated defenses, such as the Statute of Frauds, must be pleaded or else considered waived under Rule 1032, ". . . as far as the statute of frauds under . . . the Act of 1855 is concerned, if the complaint fails to show that the requirements of the statute have been complied with the defense of the statute remains available to the defendant at any stage of the proceedings, even though not presented by preliminary objection or answer, because such a complaint does not state a cause of action upon which recovery can be had." (378 Pa. at 344). It is to be noted that in *Leonard* the particular statute of frauds therein involved provided "no action shall be brought" upon an oral guaranty unless it be in writing or there be some written memorandum thereof signed by the party sought to be charged and, therefore, the provisions of the statute went to the right of the plaintiff to maintain the action. We have taken the same position in construing §4 of The Sales Act of May 19, 1915, P. L. 543, wherein the statute went to the right to bring any action: *American Products Co. v. Refining Co.,* 275 Pa. 332, 119 A. 414. See also: *Martin v. Wilson,* 371 Pa. 529, 92 A. 2d 193. The rationale of these decisions is that the particular Stat-

ute of Frauds involved constituted a limitation on the power of the judiciary to afford any remedy.

In *Sferra v. Ulring,* 328 Pa. 161, 195 A. 422, (decided prior to the Rules of Civil Procedure) we construed §1 of the Act of 1772, supra, and, in so doing, interpreted that section as not constituting a limitation on the power of the judiciary to afford a remedy and adopted the view "that a party will be deemed to have renounced his rights under [this] statue of frauds if he does not in some way make known to the court his intention to invoke it either by pleading specially or interposing a timely objection to testimony in support of the oral agreement, or by claiming its protection in some other manner that gives the opposition opportunity to meet the objection". (328 Pa. at 169). The importance of *Sferra,* so far as the present appeal is concerned, is that it construed the identical provision of the Statute of Frauds herein involved as not affecting the right of a plaintiff to maintain the action but simply affording a permissive defense to the defendant. In line with the intent in framing the Rules of Civil Procedure logically the Statute of Frauds embodied in §1 of the Act of 1772, supra, should be raised only under Rule 1030 and not under Rule 1017(b). However, in *Haskell v. Heathcote,* 363 Pa. 184, 189, 190, 69 A. 2d 71, this Court, construing §1 of the Act of 1772, supra, held that such section of the Statute of Frauds could be raised by way of preliminary objections. *Haskell,* however, was decided before the extension of Rule 1030 to equity practice by the promulgation of Rule 1501. Moreover, this Court in *Prager v. McAdam,* 399 Pa. 405, 161 A. 2d 39, in a per curiam opinion affirmed the opinion of the lower court (20 Pa. D. & C. 2d 314) which, relying on *Haskell,* held that §1 of the Act of 1772, supra, could be raised by preliminary objections. *Prager* failed to consider the impact on *Haskell* of Rule 1501 and directly conflicts

with *Sferra* in its construction of §1 of the Act of 1772, supra; *Prager* and *Haskell* can no longer be considered authoritative or controlling.

That confusion exists among our courts on the availability of preliminary objections to raise the Statute of Frauds is evident.[6] Bearing in mind that the provisions of the several Statutes of Frauds differ in that language and that provisions of some Statutes of Frauds make unenforceable or void oral agreements in violation thereof while provisions of other Statutes of Frauds constitute declarations of public policy, the appropriate rule is that, if the particular statute operates to bar or destroy the plaintiff's right of action, i.e., is a limitation on the power of the judiciary to afford a remedy, such statute constitutes a ground for demurrer and may be raised by preliminary objections: on the other hand, if the statute merely gives the defendant a waivable defense, such defense must be raised under Rule 1030 and not under Rule 1017(b).

Rule 1032 provides that a "party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, . . . may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits". See: *Maxson v. McElhinney,* 370 Pa. 622, 88 A. 2d 747; *Martin v. Wilson,* supra. Rule 1032 furnishes no basis up-

---

[6] Affirming the propriety of such procedure: *Haskell,* supra; *Rickard v. Martin,* 16 Beaver 174; *Sulzer v. Martin,* 111 P.L.J. 211; *Coyle v. Eyman,* 41 Wash. 210; *Ryer v. Kiser,* 72 York 44; *Beter v. Helman,* 41 West. 7; *Kessler v. Green Co., Inc.,* 28 Pa. D. & C. 2d 186. Contra: *Alford v. Raschiatore,* 3 Chest. 97; *Pa. Water & Power Co. v. Garver,* 17 Pa. D. & C. 2d 341; *Flanders v. Wines,* 6 Pa. D. & C. 2d 241; *Taccone v. Finazzo,* 32 Erie 158; *Weiss v. Raker,* 23 Northumb. L.J. 47; *Cohen v. Weiner,* 73 Pa. D. & C. 477; *Shaw v. Courtney,* 37 Erie 174, 175.

on which to justify raising by preliminary objections the Statute of Frauds in the case at bar.

The provisions of §1 of the Act of 1772, supra,[7] constitute a defense which is permissive to the defendant and not a restriction on the right of the judiciary to afford a remedy. Under such circumstances, this particular defense would only be raised under Rule 1030 and Hahns were in error in attempting to raise it by way of preliminary objections under Rule 1017(b).

Even though Hahns erred procedurally, the confusion which has existed as to the proper procedure for raising the Statute of Frauds offers some excuse for Hahns' procedural error. Under the instant circumstances, we should decide this appeal on its merits as though the issue of the Statute of Frauds had been properly raised under Rule 1030. All the relevant documents have been stipulated by the parties and made part of the record, the question of the Statute of Frauds was presented to and determined by the court below and both parties have briefed and argued the question before this Court. Nothing is to be gained by sending the parties back to the trial court to set their procedural house in order before coming once again to this Court with the identical controversy.

Our review of this record indicates that the requirements of the Statute of Frauds have been met and that the court below should have granted specific performance. In *Gerlock v. Gabel,* 380 Pa. 471, 477, 112 A. 2d

---

[7] ". . . all leases, estates, interests of freehold or term of years, or any uncertain interest of, in, or out of any messuages, manors, lands, tenements or hereditaments, made or created by livery and seisin only, or by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding; . . .".

78, this Court said: "The Statute [of Frauds] is designed, not to encourage frauds, but to prevent them by forbidding the assertion of a right or interest in real estate by one who can show no *written* basis for the claim; . . . ." (Emphasis supplied). In the case at bar, Hahns signed a written agreement with the auctioneer which provided for and directed the sale of their realty (specifically described) at an auction sale to be held "without limit or reserve". This agreement provided, inter alia, that the realty was to be sold to the highest bidder at this auction sale, that the auctioneer should act as Hahns' "attorney-in-fact" to make, execute and deliver a contract of sale to the highest bidder and that Hahns would give the buyer a deed in accordance with the agreement entered into by them. When, under the authorization of Hahns and subject to the term of the sale agreed upon by them, in writing, the auctioneer knocked down the property to Browns as the highest bidder, an oral contract was then created for the sale of the realty. Although no written contract of sale was entered into because Hahns refused to fulfill the terms of the written agreement under which the realty was offered for sale, such written contract is not required by the Statute of Frauds. All that is required is a memorandum in writing signed by the parties to be charged which sufficiently indicates the terms of the contract and the property to be conveyed: *Mason-Heflin Coal Co. v. Currie,* 270 Pa. 221, 113 A. 202. Hahns' written agreement with the auctioneer, signed by them, more than satisfies the requirements of the Statute of Frauds.

Decree reversed and the matter remanded to the court below for the purpose of enabling Hahns to present any defense, other than the Statute of Frauds, which may be available to them.