Portnoy, Appellant, *v.* Brown.

Argued May 1, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Marvin J. Levin,* with him *Harry M. Sablosky,* and *Freedman, Borowsky and Lorry,* for appellants.

*Gerald F. Glackin,* with him *Brunner, Conver and Glackin,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 1, 1968:

This is an appeal from the dismissal of appellants' complaint in equity seeking specific performance of an agreement for the sale of real estate.

The complaint alleged that on July 25, 1956, appellants and appellee, Charles A. Brown, executed a lease for certain real estate owned by appellees which lease provided in pertinent part as follows: "Charles A. Brown (hereinafter called the lessor), doth hereby *let*

unto Samuel Portnoy & Albert Freedman (hereinafter called the lessee) ; All That Certain General Store and Gasoline Service Station & Auto Accessories located at Welsh Rd. & Limekiln Pike (Route 63 & 152) Horsham Twshp. Montg. Co. having 125' frontage and 150' depth *with privilege of using* additional grounds for the general use of the business and the parking of customer's cars. . . . Lessor hereby grants to Lessee an option to purchase the *demised premises at the current market value* at the end of the final term, if the above option is exercised." (Emphasis supplied).

Appellee filed preliminary objections to the complaint alleging that the agreement was not susceptible to specific performance for the following reasons: (1) the agreement is ambiguous in that it does not adequately identify or describe the extent of the real property to be conveyed; (2) it fails to specify the purchase price or any method by which such purchase price is to be determined, and (3) the agreement does not meet the requirements under the Statute of Frauds since the signature of appellee, Mary J. Brown, does not appear therein.

The court below sustained appellees' preliminary objections without discussing the defense of the Statute of Frauds, and certified the case to the law side of the court, giving appellants the opportunity to file an amended complaint seeking damages. Appellants refused to amend their complaint and the court below dismissed the complaint. This appeal followed.

It is well settled that a decree of specific performance will not be granted unless the plaintiff is clearly entitled thereto and no adequate remedy at law exists. *Roth v. Hartl,* 365 Pa. 428, 75 A. 2d 583 (1950) ; *Merritz v. Circelli,* 361 Pa. 239, 64 A. 2d 796 (1949). Furthermore, it is an essential requirement that the agreement for the sale of real estate must designate with sufficient certainty that which is intended to be con-

veyed in order to entitle a plaintiff to specific performance. *Suchan v. Swope,* 357 Pa. 16, 53 A. 2d 116 (1947).

With these basic principles in mind, we turn our attention to a consideration of appellees' objections concerning the description of the "demised premises" and the indefiniteness of the purchase price (current market value). Appellees argue that the agreement sued upon is unenforceable in equity due to an inadequate description of the extent of the real estate covered by the option to purchase. This argument is primarily predicated upon that section of the option agreement which refers to the "privilege of using additional grounds for the general use of the business and the parking of customer's cars." It is urged that since the agreement is ambiguous with respect to whether or not these additional grounds are part of the demised premises, the agreement is not capable of being specifically enforced in equity. The court below, recognizing this apparent ambiguity, concluded that if it were to determine the "demised premises" encompassed the "additional grounds", there would be great difficulty in ascertaining the size, shape and location of these grounds and as such the agreement would not be susceptible to specific performance. Appellees and the court below rely principally upon the case of *Mrahunec v. Fausti,* 385 Pa. 64, 121 A. 2d 878 (1956), to support the position that the lease agreement with the option to purchase the "demised premises" failed to specify with any degree of certainty that part of the real estate which was to be conveyed. In *Mrahunec,* we held that the option to purchase under the lease agreement "cannot be construed to refer to that which plaintiff prays should be specifically conveyed to him, namely, 'title to the aforesaid described lot No. 78 and the adjoining 11 feet of lot No. 77' . . . ." A reading of the agreement in *Mrahunec* indicates that the leased prem-

ises differed substantially from that which plaintiff sought by way of specific performance. Since the words "said property" could at best refer to and include only the demised premises described in the lease, plaintiff's complaint seeking additional real estate in his action for specific performance had to be dismissed. In contrast to *Mrahunec*, appellants here only seek specific performance of that part of the real estate which is defined with sufficient particularity, namely: "All That Certain General Store and Gasoline Service Station & Auto Accessories located at Welsh Rd. & Limekiln Pike (Route 63 & 152) Horsham Twshp. Montg. Co. having 125′ frontage and 150′ depth. . . ." It is reasonable to conclude that the "demised premises" referred to in the lease agreement includes that portion of the real estate which appellants seek to acquire. In this respect the instant case is clearly distinguishable from *Mrahunec*, which distinction in our view dictates the conclusion that the lease agreement is sufficiently definite to be subject to specific performance, at least with respect to the description of that part of the "demised premises" which appellants seek in this litigation. If appellants were seeking the "additional grounds" referred to in the lease agreement as being part of the "demised premises", we would unhesitatingly agree with appellees and the court below that specific performance would be improper. However, such is not the case, since appellants at no time contended that (1) the privilege of using these additional grounds were part of the "demised premises", or (2) that they desired to acquire any other portion of the real estate aside from that which was clearly described. For these reasons the court below erred in sustaining appellees' first preliminary objection.

Appellees next argue that the agreement is not capable of specific performance due to the lack of a defini-

tive purchase price. In this regard we are called upon to determine whether or not the use of the "current market value" as the method for computing the agreed upon purchase price is sufficiently definite to sustain an action for specific performance.

At the outset, it should be noted that price is an essential ingredient of every contract for the transfer of property and must be sufficiently definite and certain or capable of being ascertained from the contract between the parties. *Thomas v. St. Joseph's Church*, 343 Pa. 328, 22 A. 2d 661 (1941); *Butler v. Kemmerer*, 218 Pa. 242, 67 Atl. 332 (1907); See, 17 Am. Jur. 2d Contracts, §84 (1964), and cases cited therein. However, where a contract specifies that the price is to be measured by the "fair market value" or "reasonable value" of the services or property involved, courts have generally held that the price is sufficiently certain in order to have an enforceable obligation. See, Williston, Contracts, Vol. 1, §41 (3d Ed. 1957); 17 Am. Jur. 2d, supra. Moreover, the law recognizes in the area of enforceability of contracts the maxim, *"id certum est quod certum reddi potest"* (that is certain which can be made certain). *Suchan v. Swope*, supra; *Windsor Manufacturing Company v. S. Makransky & Sons*, 322 Pa. 466, 186 Atl. 84 (1936); *Rossmassler v. Spielberger*, 270 Pa. 30, 112 Atl. 876 (1921); *Northern Cental Railway Company v. Walworth*, 193 Pa. 207, 44 Atl. 253 (1899). Here the parties specifically provided that the option price for the sale of the real estate would be determined by the "current market value at the end of the final term." This provision, in our opinion means fair market value and meets the necessary standards required by law with respect to the certainty of the purchase price so as not to preclude specific performance of the option agreement.

Appellees' third contention centers around the defense of the Statute of Frauds. The court below, how-

ever, found it unnecessary to decide the substantive questions concerning the Statute of Frauds, since it sustained appellees' preliminary objections and dismissed the complaint on the previously discussed objections. Likewise, we will not at this time consider appellees' third preliminary objection since we are convinced that they have failed to follow the correct procedure in raising the defense of the Statute of Frauds. Our Court has clearly held that under circumstances similar to the instant case, the defense of the Statute of Frauds merely gives appellees a waivable defense which must be raised under Pa. R.C.P. 1030, in a responsive pleading under the heading "New Matter." *Brown v. Hahn*, 419 Pa. 42, 213 A. 2d 342 (1965). The reasons given for disposing of the merits in *Hahn* are not applicable here and consequently we are compelled to refrain from deciding the questions posed under the Statute of Frauds until appellees comply with the relevant rules of civil procedure.

The decree of the court below is vacated and the case remanded with instructions to reinstate the complaint and to proceed consistent with this opinion. Each party to bear own costs.

Mr. Justice EAGEN concurs in the result.

Mr. Justice O'BRIEN dissents.