## Recreational Development Associates, Inc., v. Miller

*Daniel W. Shoemaker,* for plaintiff.
*Oscar F. Spicer,* for defendant.

MacPHAIL, P. J., July 23, 1974.—Defendants have filed preliminary objections in the nature of a demurrer to plaintiff's complaint.

From the well-pleaded facts in the complaint, we ascertain that there was a pre-incorporation agreement to which defendant, Arthur B. Miller, was a signatory. Defendant, Esther Anna Kennerly, did not sign the agreement nor is her name mentioned anywhere in the agreement. The specific provisions of the agreement upon which the present action is based involve the conveyance of two certain tracts of real estate *by Miller* and his wife to the corporation to be formed by the terms of the agreement. This suit is in equity, demanding judgment against both defendants for possession and record title of a tract of real estate now owned by defendant, Kennerly, and alleged to be one of the tracts Miller agreed to convey to the corporation. The complaint alleges in one paragraph that record title of the real estate is in Kennerly and in another paragraph that Miller has "purchased" the real estate. The complaint also avers that Kennerly is the mother of Miller.

The demurrer with respect to defendant Kennerly must be sustained. The ancient but venerable statute of frauds of Pennsylvania, Act of March 21, 1772, 1 Sm. L. 389, 33 PS §1, et seq., provides that no action

for the conveyance of real estate will be enforced unless there is in being a memorandum in writing signed by the owner thereof. Here, plaintiff has failed to plead anything that would satisfy the requirements of that statute.

Under the Rules of Civil Procedure, the statute of frauds is an affirmative defense and, under the circumstances of this case, must be raised as new matter under the provisions of Pennsylvania Rule of Civil Procedure 1030. In a comprehensive opinion on the question of when the statute may be raised by preliminary objection and when it must be raised in the answer, the Supreme Court of Pennsylvania held in Brown v. Hahn, 419 Pa. 42 (1965), that if the particular statute of frauds operates to bar or destroy plaintiff's right of action, irrespective of the action of defendant, such statute may be raised by preliminary objections under rule 1017(b); however, if the particular statute of frauds merely gives defendant a waivable defense, plaintiff will have stated a cause of action to which defendant may, if he chooses, defend on the ground of the statute and, under such circumstances, the statute must be asserted under new matter. In the Brown v. Hahn case, supra, the Supreme Court held that the absence of a memorandum in writing was a waivable defense which must be raised as new matter. That decision must control the situation here, and we hold that the statute of frauds must be raised in the answer under new matter.

However, as we previously noted, defendant Kennerly did not sign the contract annexed to the complaint. There is nothing in the complaint that would make her legally responsible to plaintiff. The mere allegation that Miller is the son of Kennerly would not bind her to plaintiff in the absence of some sort of

agency. The mere existence of the parent-child relationship does not imply any such agency. Where a defendant in an action for specific performance is not a party to the contract which is the basis for the suit, the action cannot be enforced against that defendant: A. C. Horner, Inc. v. Guy Rupp & Sons, Inc., 2 Cumberland 66 (1951), and Polanskey v. Monongahela R. Co., 342 Pa. 188 (1941). For this reason, rather than the failure of plaintiff to plead facts which would take the matter out of the bar of the statute of frauds, the demurrer as to Kennerly will be sustained.

The demurrer with respect to Miller must be refused. As we noted previously, plaintiff's complaint avers that Kennerly is the "record titled owner" of the real estate in question. However, the complaint also says that Miller "has purchased" the real estate. Therefore, the requisites for specific performance have been plead, to wit, the agreement of Miller to convey real estate, the ability of Miller to convey real estate, the refusal of Miller to convey real estate and the prior performance by plaintiff of all conditions in exchange for the conveyance.

## DECREE OF COURT

And now, July 23, 1974, the preliminary objection in the nature of a demurrer as to defendant, Esther Ann Kennerly, is sustained. Plaintiff shall have 20 days from the date of notice of this order to file an amended complaint. The preliminary objection in the nature of a demurrer is refused as to defendant, Arthur Miller. If no amended complaint is filed by plaintiff, defendant shall have 20 days from the last day when such amended complaint may be filed to file a responsive pleading.