## Carter v. Weiner

*T. J. McCabe*, for plaintiff.
*J. F. Barth*, for defendant.

MARUTANI, *J.*, December 8, 1975—Defendant has filed preliminary objections in the nature of

motions for more specific pleading and to strike plaintiff's answers to defendant's new matter.

Complaint in trespass was filed on April 10, 1970, and, not having been served, was reinstated as of November 27, 1972, by means of a praecipe to the prothonotary. On December 22, 1972, defendant thereupon filed his answer with new matter to plaintiff's complaint, averring under new matter that "plaintiff's cause is barred by the Statute of Limitation for an action for personal injuries, two years, as set forth in the Act of June 24, 1895, P.L. 236, §2," 12 P.S. §34. Defendant's said response was endorsed with notice to plead. Some two years and almost 11 months later, and following an adverse outcome to plaintiff in an arbitration proceeding in which the decision was filed on September 29, 1975, plaintiff filed his answer to defendant's new matter, averring, inter alia, that plaintiff "did attempt service when the complaint was originally filed and did not reinstate within two years because of an agreement between counsel and a representative of Defendant, that the complaint need not be reinstated until, [sic] a correct address for the Defendant can be obtained" and that defendant "is equitably estopped to plead the statute of limitation [sic] because of the above noted agreement and Plaintiff [sic] subsequent reliance on the agreement."

Plaintiff further avers in his said answer that: "For Defendant to raise the statute of limitations, is to perpetuate [perpetrate?] a fraud on the Plaintiff." There appear no further factual bases, either by means of discovery or affidavit, in support of plaintiff's contentions.[1]

---

1. The parties' briefs do not shed any specific facts. Moreover, "briefs are not part of the record, and the court may

Raising the defense of the statute of limitations in this instance by way of new matter, rather than by means of preliminary objections, was the proper procedure: Ziemba v. Hagerty, 436 Pa. 179, 259 A. 2d 876 (1969). Cf. Brown v. Hahn, 419 Pa. 42, 213 A. 2d 342 (1965). Failure to reinstate a complaint in trespass within the applicable two-year period operates to bar the claim: Rufo v. Bastian-Blessing Co., 420 Pa. 416, 218 A. 2d 333 (1966). However, the statute of limitation defense in this proceeding being a permissive defense rather than one which operates to bar or destroy plaintiff's cause of action (Brown, supra, at page 46), the question posed is whether or not there was a waiver by defendant and, if so, the scope thereof.[2] As indicated above, in the case before this Court, the record is devoid of any supporting facts by which the Court might be guided.

## ORDER

And now, December 8, 1975, upon consideration of defendant's preliminary objections in the nature of motions to strike and for more specific pleading, as well as consideration of plaintiff's response thereto, it is hereby ordered and decreed that:

(1) Defendant's motions to strike pursuant to Pa.R.C.P. 1017(b)(2) for lack of conformity to Pa.R.C.P. 1019(b), 1026, and 1030 are hereby granted, and plaintiff's answer (to defendant's new matter) is stricken, *without prejudice* to plaintiff

---

not consider facts not established by the record.": Erie Indemnity Co. v. Coal Operators Casualty Co., 441 Pa. 261, 265, 272 A. 2d 465 (1971).

2. Compare, for example, Baum v. Allstate Insurance Company, 40 D. & C. 2d 315 (C. P. Phila., 1966), opinion by McDevitt, P.J.

to prepare and file a complete record and appropriate response in support of plaintiff's claim that an agreement extending the time within which to reinstate the complaint had been entered into.

(2) Plaintiff is granted leave for a period of 30 days from date hereof in which to comply with the terms of this order, unless such time is extended by written stipulation entered into by or between the parties or their counsel.

(3) In the absence of plaintiff's compliance with the terms of this order, this order to become absolute.