420 A.2d 720

**Isadore AXLER and Samuel D. Berger, Members of Council, by and on behalf of the Unit Owners of Plymouth Hill Condominium and in their own right as aggrieved unit owners, Appellants,**

v.

**FIRST NEWPORT REALTY INVESTORS.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed June 20, 1980.

---

Charles J. Weiss, Ambler, for appellants.

James W. Christie, Philadelphia, for appellee.

Before SPAETH, CAVANAUGH ,and O'KICKI,* JJ.

SPAETH, Judge:

This appeal arises from an order sustaining preliminary objections and dismissing a complaint in an action to quiet title.

On August 22, 1978, appellants filed, on behalf of themselves and the unit owners of Plymouth Hill Condominium, an action to quiet title to three residences in the condominium. On October 2, 1978, appellee, the current developer of the condominium, filed preliminary objections to the complaint, pleading, *inter alia*, that appellants' action was barred by the statute of frauds, 33 P.S. § 1 (1967). On October 13, appellants filed an answer to the preliminary objections, pleading, *inter alia*, that the statute of frauds could not be raised except as an affirmative defense in appellee's answer to the complaint. On February 22, 1979,

---

* Judge JOSEPH F. O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

after oral argument, the lower court sustained the preliminary objections and dismissed appellants' complaint. On February 28, appellants petitioned the lower court to reconsider its decision, but the petition was denied on March 19. This appeal followed.

In its memorandum filed pursuant to Pa.R.A.P. 1925(a), the lower court cited as the only ground of its order its conclusion that the complaint was barred by the statute of frauds. This conclusion was in error, for two reasons.

First, appellee was not entitled to raise the statute of frauds as a preliminary objection. Pa.R.C.P. 1017(b) provides:

Preliminary objections are available to any party and are limited to

\* \* \* \* \* \*

(4) a demurrer, which may include the bar of a non-waivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint . . . .

Here the statute of frauds was waivable by appellee; it therefore could not be raised by preliminary objection. *Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976); *Keil v. Good*, 467 Pa. 317, 356 A.2d 768 (1976); *Blumer v. Dorfman*, 447 Pa. 131, 289 A.2d 463 (1972); *Royal Oil & Gas Corp. v. Tunnelton Mining Co.*, 444 Pa. 105, 282 A.2d 384 (1971); *Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1968); *Portnoy v. Brown*, 430 Pa. 401, 243 A.2d 444 (1968); *Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1965); *Conaway v. Twentieth Century Corp.*, 256 Pa.Super. 1, 389 A.2d 146 (1978); *Duffee v. Judson*, 251 Pa.Super. 406, 380 A.2d 843 (1977).[1]

Second, the present record does not disclose that appellants' complaint is within the statute of frauds. The complaint alleges that all owners of Plymouth Hill Condominium have submitted the property to the provisions of the Pennsylvania Unit Property Act, 68 P.S. §§ 700.101 *et seq.* (1965),

---

1. Contrary language in *Eastgate Enter. v. Bk. & Tr. Co.*, 236 Pa.Super. 503, 505 n. 2, 345 A.2d 279, 280 (1975), is unsupported by present case law and should be disregarded.

by a duly recorded Declaration and Code of Regulations. The complaint further alleges that the three residences involved in the action are part of the "common elements" of Plymouth Hill Condominium, as that term is defined by section 5 of the recorded Declaration and section 102(3) of the Unit Property Act, and thus are owned "by those unit owners who have purchased the premises with the intention to own same in fee simple and to continue in residence there as resident unit owners." Attached to the complaint is a portion of the recorded Declaration.[2]

It is basic that "[a]ll that is required [by the statute of frauds] is a memorandum in writing signed by the parties to be charged which sufficiently indicates the terms of the contract and the property conveyed." *Brown v. Hahn, supra*, 419 Pa. at 51, 213 A.2d at 347. *See also Keil v. Good, supra.* The purpose of the statute "is the prevention of successful fraud by inducing the enforcement of contracts that were never in fact made. It is not to prevent the performance or the enforcement of oral contracts that have in fact been made; . . . Therefore, we should always be satisfied with 'some note or memorandum' that is adequate . . . to convince the court that there is no serious possibility of consummating fraud by enforcement. When the mind of the court has reached such a conviction as that, it neither promotes justice nor lends respect to the statute to refuse enforcement because of informality in the memorandum or its incompleteness in detail." *Beeruk Estate*, 429 Pa. 415, 418–19, 241 A.2d 755, 758 (1968), *quoting* 2 Corbin, Contracts § 498 at 680–81 (1950).

By basing their claim of ownership in the three residences upon the terms of a written document, appellants apparently have placed their claim outside the statute of frauds. It may or may not be that appellants are trying to alter the terms of the Declaration through the improper introduction

---

**2.** In its brief, appellee states that appellants have admitted that the Declaration on which they base their claim does not satisfy the statute of frauds. Appellee has not directed us to that part of the record where the alleged admission was made, nor have we found any such admission.

of parol evidence, but whether they are is an issue distinct from whether the Declaration is within the statute of frauds.[3]

The order of the lower court is reversed and the case remanded for further proceedings.

**3.** In addition to claiming that appellants' action is barred by the statute of frauds, appellee asserts on this appeal that allegations in the complaint regarding appellee's actions and representations to appellants are proscribed by the parol evidence rule and are improperly pleaded; that the complaint fails to state a cause of action; that an action to quiet title cannot be brought under the Unit Property Act; and that appellants should be denied the opportunity to amend their complaint. Since the lower court declined to address these issues we do not consider them at this stage in the proceedings.

Also, because of our disposition, we need not decide whether the statute of frauds applies to actions to quiet title–an issue mentioned but not discussed by the parties.