PETERS TOWNSHIP SANITARY
AUTHORITY

v.

AMERICAN HOME AND LAND DEVEL-
OPMENT COMPANY and Quail Run
Associates and Quail Run Sanitary Cor-
poration, and William K. Kerschbaumer
Quail Run Sanitary Corporation, Appel-
lant.

Commonwealth Court of Pennsylvania.

Argued June 2, 1997.

Decided July 2, 1997.

John C. Brzustowicz, McMurray, for appellant.

Robert N. Clarke, Washington, for appellee, Peters Township.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Quail Run Sanitary Corporation (Quail Run), appeals from the opinion and order of the Court of Common Pleas of Washington County (trial court) denying Quail Run's Petition to Open Default Judgment. We reverse.

Peters Township Sanitary Authority (Peters Township) filed suit against Quail Run on April 10, 1996. When Quail Run failed to respond within twenty days, Peters Town-

ship mailed to Quail Run a notice of intention to enter judgment dated May 2, 1996, and filed a praecipe to enter judgment by default on May 14, 1996 at 12:07 p.m.. Quail Run filed preliminary objections to Peters Township's complaint approximately fifteen minutes later; however, unbeknownst to Quail Run, the default judgment had already been entered. On May 17, 1996, Quail Run filed the instant petition to open judgment.

The trial court disagreed with Quail Run's contention that opening the judgment was proper under Rule 237.3 of the Pennsylvania Rules of Civil Procedure, which states:

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified *copy of the complaint or answer* which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

Pa. R.C.P. No. 237.3. (Emphasis added.) The trial court held that, because Quail Run attached preliminary objections, rather than an answer, to the petition to open, it had not complied with Rule 237.3. Additionally, the trial court implied that Quail Run's preliminary objections did not state a meritorious defense. Accordingly, the trial court denied the petition to open.

■ On appeal to this court,[1] Quail Run first argues that the trial court erred in strictly construing the term "answer" within the text of Rule 237.3, thereby rejecting the filing of a "pleading" in the nature of preliminary objections. According to Quail Run, a standard of liberality, not strictness, should be applied in ruling on a petition to open default judgment. *See* Pa. R.C.P. No. 126.[2] Further, Quail Run contends that examination of the default judgment provisions of

---

1. A petition to open judgment is an appeal to the court's equitable powers and the trial court's exercise of its discretion will not be disturbed unless there has been a clear abuse of discretion. *Brady Township v. Ashley,* 17 Pa.Cmwlth. 226, 331 A.2d 585 (1975).

2. Rule 126 states:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties.
Pa. R.C.P. No. 126.

Rules 1037 and 237, and their respective Commentary Notes, reveals that the court should accept a "pleading" in the form of preliminary objections with regard to Rule 237.3. The Explanatory Comment regarding Rule 1037 states:

> Rule 1037. Judgment Upon Default or Admission. Assessment of Damages.
>
> Subdivision (b) of Rule 1037 provided for the entry of judgment upon praecipe resulting from a default or admission. The rule spoke of failure to file "an answer." This left unclear the effect of filing preliminary objections. This rule is changed to refer to "a pleading," a term which under Rule 1017(a) includes both an answer and preliminary objections. The filing of an answer or preliminary objections will clearly prevent the entry of a default judgment.

Pa. R.C.P. No. 1037 (Explanatory Comment—1994).

Quail Run contends that, if Rule 1037, regarding *prevention* of the entry of default judgment, allows for the filing of preliminary objections, it follows that, under Rule 237.3, regarding *relief* from the entry of default judgment, preliminary objections may also be properly filed. Quail Run notes that, although the language of Rule 237.3(b) (emphasis added) states that "... the court shall open the judgment if the proposed *complaint* or *answer* states a meritorious cause of ac-

tion or defense," the Explanatory Comment regarding subdivision (b) uses the more inclusive term "proposed pleading" and provides:

> Subdivision (b) eases the burden of a party against whom judgment has been entered and who moves promptly for relief from that judgment. If the petitioner files a petition for relief from the judgment within ten days after entry of the judgment on the docket, the rule requires the court to open the judgment if the *proposed pleading* states a meritorious cause of action or defense.... [3]

■ Thus, Quail Run argues that preliminary objections, in addition to answers, are appropriate attachments to a petition to open, and the trial court erred by holding otherwise.[4] We agree.

Based on our review of Rules 126, 237.3 and 1037, in conjunction with their associated Explanatory Notes, we conclude that Quail Run did not invalidate its Petition to Open by attaching preliminary objections, rather than a complaint or answer, to that Petition, and we believe that the trial court abused its discretion by finding that it did.

Quail Run next asserts that the trial court erred in finding that Quail Run failed to set forth a meritorious defense in its preliminary objections. Under Rule 237.3(b), in order to open judgment, the petition must assert a meritorious defense.[5]

---

3. Quail Run also cites to illustrations of applications of Rule 237.3 which are listed in the Comment, particularly illustration four, which Quail Run contends is identical to the situation presented here:

> Plaintiff has entered a valid judgment by default against the defendant. The prothonotary has entered the judgment in the docket and noted the date thereof. Within ten days of the date, the defendant files a petition to open the judgment. The petitioner need demonstrate to the court only that the filing of the petition was within the ten-day period specified by Rule 237.3(b) and that the *verified pleading* attached to the petition states a meritorious cause of action or defense. In such case, Rule 237.3(b) requires the court to open the judgment.

Pa. R.C.P. No. 237.3. (*Explanatory Comment*) (Emphasis added).

4. We note that the only case law cited by Quail Run, a Monroe County Court of Common Pleas opinion, is not precedential upon our decision in this matter.

5. The Note to Rule 237.3 states in relevant part:

> See *Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 477 A.2d 471 (1984) for the requirements for opening a judgment by default and Pa. R.C.P. 3051 as to a judgment of non pros. Rule 237.3 does not change the law of opening judgments. Rather, the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment.

In *Schultz*, our supreme court laid out the three requirements for when a court may exercise its discretion to open judgment. A court may do so when: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused. *Id.* Thus, Peters Township's argument regarding Quail Run's alleged failure to prove the requirements other than a meritorious defense are not relevant

■ Quail Run argues that it alleged a meritorious defense in its preliminary objections by raising the Statute of Frauds defense contained in section 1 of the Uniform Written Obligation Act, Act of April 26, 1855, P.L. 308, *as amended*, 33 P.S. § 3, which states in relevant part: "no action shall be brought whereby ... to charge the defendant ... to answer for the debt or default of another...." [6] This statute is a non-waivable bar to the action which may be raised by demurrer, as it was here.[7] Quail Run contends that this is a meritorious defense because, if proven, it will justify relief on behalf of Quail Run. We must agree and, thus, conclude that the trial court abused its discretion by finding that Quail Run failed to present a meritorious defense.

■ In considering petitions to open default judgments, a court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits. *Duckson v. Wee Wheelers, Inc.*, 423 Pa.Super. 251, 255, 620 A.2d 1206, 1208 (1993). Generally, default judgments are not favored. *Kennedy v. Black*, 492 Pa. 397, 402, 424 A.2d 1250, 1252 (1981). It has been stated in regard to default judgments that:

> [t]he purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation....

*Tronzo v. Equitable Gas Co.*, 269 Pa.Super. 392, 395–96, 410 A.2d 313, 315 (1979), quoting *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 445, 368 A.2d 802, 804 (1976).

■ Here, Quail Run argues that, because it filed the Petition to Open and attached

---

here because Quail Run complied with the time requirements in filing the petition to open.

6. Quail Run believes that Peters Township is seeking to collect sewage connection fees from Quail Run which are the responsibility of the individual homeowners, not Quail Run. (Quail Run's brief at 13–15.) In support of this belief, Quail Run cites to paragraph "sixteenth" of an agreement entered into between the parties on April 4, 1977, which states:

> That all deeds from the Owner to prospective grantees in the Plan shall contain a clause obligating the Grantee to pay a Three Hundred Dollar ($300.00) tap-in fee to the Peters Township Sanitary Authority when public sewers become available pursuant to the agreement between the developer and the authority. A copy of the language which must be inserted into each of the proposed deeds from Owner to perspective grantees is attached hereto, made a part hereof and marked Exhibit "B."

(R.R. at 11a–10.) The aforementioned Exhibit "B" contained, in relevant part, the following language:

> ACCEPTANCE BY GRANTEE OF OBLIGATION TO PAY $300.00 CONNECTION FEE TO THE PETERS TOWNSHIP SANITARY AUTHORITY
> Grantee ... covenants and agrees to pay to the Peters Township Sanitary Authority a Three Hundred ($300.00) Dollar connection or tap-in fee when connection is made....

(R.R. at 11a–16.)

7. Peters Township argues that Quail Run's Statute of Frauds defense could not properly be raised by preliminary objections; thus, Quail Run failed to present a meritorious defense. However, in *Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1965), our supreme court analyzed the Statute of Frauds defense and by what method it should be raised. The court held that:

> "whether the Statute of Frauds must be raised only as an affirmative defense under Rule 1030 or may be raised by preliminary objection in the nature of a demurrer depends initially upon the language and nature of the provision of the particular Statute of Frauds involved."

*Id.* at 46, 213 A.2d at 344. (Emphasis omitted.) The court further explained:

> ... *if the particular Statute of Frauds operates to bar or destroy the plaintiff's right of action, irrespective of the action of the defendant, such statute may be raised by preliminary objections under Rule 1017(b);* however, if the particular Statute of Frauds merely gives the defendant a waivable defense, the plaintiff will have stated a cause of action to which the defendant may, if he chooses, defend on the ground of the statute and, under such circumstances, the statute must be asserted under "New Matter" under Rule 1030.

*Id.* at 46–47, 213 A.2d at 344. (Emphasis added.)

Thus, because the Statute of Frauds provision Quail Run is asserting here would bar Peters Township's right of action, if applicable, Peters Township's argument that Quail Run's Statute of Frauds defense could not be raised by way of preliminary objections must fail.

responsive pleading only four days beyond the original deadline, and because the original responsive pleading was filed only fourteen minutes after the praecipe for default judgment was entered, Quail Run was not a "dilatory defendant" and the equities of the case demand that the default judgment be opened.

Because Quail Run's Petition to Open Judgment was promptly filed, presented a meritorious defense and generally complied with the Pennsylvania Rules of Civil Procedure, we agree that Quail Run was not a dilatory defendant and that the trial court abused its discretion by denying Quail Run's Petition to Open Judgment.

Accordingly, we reverse.

### ORDER

AND NOW, this 2nd day of July, 1997, the order of the Court of Common Pleas of Washington County, dated June 17, 1996, is hereby reversed.