# BAC Home Loans Servicing, LP v. Jaskolka

478

*Shandra Arkema,* for plaintiff.
*John L. Dewitsky,* for defendant.

ZULICK, *J.,* May 23, 2012—This matter is before the court on defendant, Gayle A. Jaskolka's, petition to open default judgment in a mortgage foreclosure action. Plaintiff, BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loan Servicing, LP ("BAC"), filed a complaint in mortgage foreclosure against Ms. Jaskolka on January 5, 2010. After the complaint was served by publication, a default judgment was entered on May 21, 2010 in the amount of $35,247.24.

Ms. Jaskolka, through her plenary guardian, filed a petition to open the default judgment on January 25, 2012. The matter was listed for argument on May 7, 2012 and the parties appeared and argued their respective positions.

## DISCUSSION

"A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such a petition." *Castings Condo. Ass'n, Inc. v. Klein,* 663 A.2d 220, 222-23 (Pa. Super. 1995) (citing *Fink v. Gen. Accident Ins. Co.,* 594

A.2d 345, 346 (Pa. Super. 1991)). To succeed on a petition to open a default judgment, the moving party must establish the following three elements: (1) the petition to open was filed promptly; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. See *Stauffer v. Hevener*, 881 A.2d 868, 870 n.3 (Pa. Super. 2005) (citation omitted). "[A]ll three factors must appear before a court is justified in opening a default judgment." *McCoy v. Pub. Acceptance Corp.*, 305, 451 Pa. 495, 498 A.2d 698, 700 (1973).

The first element involves a question of timeliness and there is no bright line test that must be applied to determine whether a petition to open a judgment is timely. See *Flynn v. Am. W. Airlines*, 742 A.2d 695, 698 (Pa. Super. 1999). Instead, the court focuses on two factors: "(1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Id.*

Here, default judgment was entered on May 21, 2010. Ms. Jaskolka was not served personally with the mortgage foreclosure complaint; rather it was served by publication. Although no factual record has been established to determine the status of Ms. Jaskolka's health on the date default judgment was taken, she was determined to be totally incapacitated on December 21, 2010 due to senile dementia, which the court found to be "permanent, irreversible and will progressively worsen." Final decree of the honorable Linda Wallach Miller adjudicating Gayle Ann Jaskolka a totally incapacitated person (Dec. 21, 2010). Darlene O'Neil was appointed plenary guardian of Ms. Jaskolka's person and estate on December 21, 2010.

See *id.*

In cases where courts have found that a petition to open was promptly filed, the period of delay was normally less than one month. See *Castings Condo. Ass'n.*, 663 A.2d at 223 (444 Pa. Super. 68) (finding that delay of three months did not constitute prompt filing); see also *Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1209 (Pa. Super. 1993) (noting one day was timely); *Fink v. Gen. Accident Ins. Co.*, 594 A.2d 345, 346 (Pa. Super. 1991) (noting period of five days was timely); *Alba v. Urology Assocs. of Kingston*, 598 A.2d 57, 58 (Pa. Super. 1991) (explaining fourteen days was timely); *Quatrochi v. Gaiters*, 380 A.2d 404, 408-09 (Pa. Super. 1977) (explaining period of sixty-three days was not prompt); *Schutte v. Valley Bargain Center, Inc.*, 375 A.2d 368, 371 (Pa. Super. 1977) (holding period of forty-seven days was not prompt); *Pappas v. Stefan*, 304 A.2d 143, 146 (Pa. Super. 1973) (finding period of fifty-five days was not prompt).

It is understandable that it would take some time after her appointment for Ms. O'Neil to learn the nature and extent of Ms. Jaskolka's financial affairs. However, when she did, she chose not to file a petition to open the judgment, but rather sought relief through the Monroe county residential mortgage diversion program, which she entered by written request on March 15, 2011. That filing was almost three months after her appointment, and almost ten months after the default judgment was taken.

The second element requires an explanation for the default. Ms. O'Neil argues that her mother's medical condition rendered her unable to comprehend her obligation to respond to the mortgage foreclosure suit.

This was clearly established as of December of that year, and it does seem probable that Ms. Jaskolka was not in control of her faculties at the earlier date when the default judgment was entered, although there has been no record made on that point.

The third requirement is that a meritorious defense to the foreclosure action is shown to exist. Pennsylvania Rule of Civil Procedure 237.3 provides that a petition for relief of entry of default judgment shall have attached thereto a verified copy of the answer which the petitioner seeks leave to file. See Pa. R. Civ. P. 237.3(a). Here, Ms. Jaskolka has attached preliminary objections. Preliminary objections may be attached to a petition to open judgment instead of an answer. See *Peters Twp. Sanitary Auth. v. Am. Home & Land Dev.Co.*, 696 A.2d 899, 901 (Pa. Cmwlth. 1997). Ms. Jaskolka contends in her objections that plaintiff's complaint "fails to make any averment regarding the date the mortgage actually became contractually delinquent." Def.'s Pet. To open default J., Ex, B. ¶ 2. She points to the Pennsylvania Housing Finance Agency Law, which provides that:

> [a]ny mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at his or her last known address the notice provided in subsection (b): Provided, however, That such mortgagor shall be at least sixty (60) days contractually delinquent in his mortgage payments or be in violation of any other provision of such mortgage.

35 P.S. §1680.403c(a).

A review of the complaint reveals that BAC did send

Ms. Jaskolka an Act 91 notice, which was attached to the mortgage foreclosure complaint as exhibit "A." The Act 91 notice was mailed on October 1, 2009 and contained the following information about the default:

> You have not made monthly mortgage payments for the following months and the following amounts are now past due:
>
> Monthly charges: 08/01/2009    $1,541.85
>
> Late charges:      08/01/2009    $44.94
>
> Other late charges:        Total late charges    $0.00
>
> Uncollected costs $0.00

Pl.'s compl., Ex. A. The Act 91 letter was incorporated into the complaint.

BAC complied with the requirement that the mortgage be in default for a period of sixty days before the Act 91 notice was sent. The notice was dated October 1, 2009 and the default was stated to have occurred on August 1, 2009.

Finally, Ms. Jaskolka alleges that the complaint was improperly verified. The complaint contains a verification signed by BAC's counsel, not an officer of the lender. Counsel's verification states that "she has personal knowledge of some of the facts averred in the foregoing pleading" and that the source of her information is "public records and reports of plaintiff's agents." Pl.'s compl. verification. While this is a defective verification under rule 1024, Ms. Jaskolka does not contend that the information in the complaint is not accurate. Further, the

lack of a proper verification is subject to amendment. See *Lewis v. Erie Ins. Exch.*, 421 A.2d 1214, 1217 (Pa. Super. 1980) (before dismissing petition on basis of defective verification, court should allow petitioner to amend).

As the Pennsylvania Commonwealth Court stated in *Peters Township*, "a court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits." *Peters Twp.*, 696 A.2d at 902 (citing *Duckson*, 620 A.2d at 1208). The complaint alleges that defendant has not paid her mortgage payment since August 1, 2009. Defendant has not identified a meritorious defense to the mortgage foreclosure action. Her petition will therefore be denied.

## ORDER

And now, this May 23, 2012, following consideration of defendant Gayle A. Jaskolka's petition to open default judgment, plaintiff BAC home loans servicing, LP f/k/a Countrywide Home Loan Servicing LP's response and the parties' briefs and arguments, it is ordered that the petition is denied.