[No. E001308. Fourth Dist., Div. Two. July 31, 1985.]

GOODWEST RUBBER CORPORATION, Plaintiff and Appellant, v. GENARO MUNOZ, Defendant and Respondent.

COUNSEL.

D. Larry Thorne for Plaintiff and Appellant.

Rager & Winstead and John M. Rager for Defendant and Respondent.

## OPINION

**RICKLES, J.**—The trial court entered summary judgment in favor of Genaro Munoz (defendant) and against Goodwest Rubber Corporation, (plaintiff). We reverse.

### FACTS

On October 16, 1978, plaintiff and defendant entered into a written option agreement. Plaintiff leased defendant's property for five years with an option to buy at "fair market value." This agreement was extended. Plaintiff sought to exercise its option within the extension period by tendering to defendant $80,000. Defendant rejected this offer. Plaintiff filed a complaint seeking, among other things, specific performance of the option agreement. Defendant moved for summary judgment asserting that a price term of "fair market value" is so indefinite and uncertain an action for specific performance would not lie as a matter of law. The trial court granted the summary judgment motion.

### DISCUSSION

We are presented with a single issue for review: Was a price designation of "fair market value" definite enough to support an action for specific performance?

■ This precise issue has not been resolved in California. However, text writers and courts in other jurisdictions are in general agreement that "fair market value," "reasonable value," or "current market value," are sufficiently certain price terms to support specific performance of an option. (See, e.g., *Miller* v. *Bloomberg* (1975) 26 Ill.App.3d 18 [324 N.E.2d 207, 208]; *Portnoy* v. *Brown* (1968) 430 Pa. 401 [243 A.2d 444, 447-448]. See also *Hanna* v. *Bauguess* (1981) 49 Md.App. 87 [430 A.2d 104, 108]; *Creek Ranch* v. *N. J. Turnpike Authority* (1978) 75 N.J. 421 [383 A.2d 110, 115-116]; *Mose Cohen & Sons, Inc.* v. *Kuhr* (1959) 13 Ohio Ops.2d 453 [171 N.E.2d 207, 213], affd. 13 Ohio Ops.2d 460 [171 N.E.2d 216]. See also 1 Williston, Contracts (3d ed. 1957) § 41; Annot. (1965) 2 A.L.R. 3d 701, 702.) We see no need to reach a different result in this instance.

The modern trend of the law is to favor the enforcement of contracts, to lean against their unenforceability because of uncertainty, and to carry out the intentions of the parties if this can feasibly be done. Neither law nor equity requires that every term and condition of an agreement be set forth in the contract. ■ Option agreements have generally been held or recognized to be sufficiently definite as to price to justify their enforcement if either a specific price is provided in the agreement or a practicable mode is provided for the court to determine price without any new expression by the parties themselves. (See *Stockwell* v. *Lindeman* (1964) 229 Cal.App.2d 750 [40 Cal.Rptr. 555].)

■ "Fair market value" is a well-established means of property valuation and is a common task performed by courts on a daily basis. (See generally, *Bewick* v. *Mecham* (1945) 26 Cal.2d 92, 99 [156 P.2d 757, 157 A.L.R. 1277].) Specifying "fair market value" as the price to be paid when exercising the option to purchase does not require future agreement of the buyer and seller. It is a proper substitute for a specific purchase price and will support an action for specific performance.

The judgment is reversed.

Morris, P. J., and Kaufman, J., concurred.