This case has suffered two derailments. The trial court incorrectly submitted an issue of contract interpretation to the jury, but ultimately reached the correct result. Now, the majority concludes that the terms of the option contract between Morris Liebermensch, Zita Liebermensch and the Liebermensch Family Partnership, L.P. (Liebermensch), and Sunil Patel (Patel) are too uncertain to enforce. I respectfully dissent.
 "The modern trend of the law is to favor the enforcement of contracts, to lean against their unenforceability because of uncertainty, and to carry out the intentions of the parties if this can feasibly be done. Neither law nor equity requires that every term and condition of an agreement be set forth in the contract." (Goodwest Rubber Corp. v. Munoz
(1985) 170 Cal.App.3d 919, 921 [216 Cal.Rptr. 604.) "`[I]f the parties have concluded a transaction in which it appears that they intend to make a contract, the court should not frustrate their intention if it is possible to reach a fair and just result, even though this requires a choice among conflicting meanings and the filling of some gaps that the parties have left. [Fn. omitted.]' [Citation.]" (Okun v. Morton (1988)203 Cal.App.3d 805, 817 [250 Cal.Rptr. 220].)
 Here, the material terms of the option contract were complete and certain, except for the time and manner of payment. It is well established, however, that when no time is specified for payment in a contract, a reasonable time is allowed under Civil Code section 1657. (House of Prayer v. Evangelical Assn. for India (2003)113 Cal.App.4th 48, 53-54 [7 Cal.Rptr.3d 24] (House of Prayer) [no court has ever held an agreement to sell real estate invalid for lack of a specified time of payment because the law specifies a reasonable time].) Additionally, when the manner of payment is lacking, courts will assume that the manner of payment is cash or cash equivalent upon delivery of the deed. (King v. Stanley (1948) 32 Cal.2d 584, 589 [197 P.2d 321] [holding that a price of $4,000 implies cash on delivery];Dennis v. Overholtzer (1960) 178 Cal.App.2d 766, 775 [3 Cal.Rptr. 193] [allowing terms and manner of payment to be controlled by custom], disapproved on other grounds in Ellis v. Mihelis (1963) 60 Cal.2d 206, 221
[32 Cal.Rptr. 415, *Page 393 384 P.2d 7].) To say otherwise is sophistry. In fact, Mr. Liebermensch testified that he expected Patel to obtain a loan and pay cash for the property.
 Notably, in cases seeking specific performance of a contract for the sale of real estate where these terms were missing, courts have simply inserted reasonable terms in their place. (King v. Stanley, supra,32 Cal.2d at p. 589 [inserting provision for cash on delivery]; House ofPrayer, supra, 113 Cal.App.4th at pp. 53-54 [allowing reasonable time for payment and holding that it was not an essential term]; Henry v.Sharma (1984) 154 Cal.App.3d 665, 669 [201 Cal.Rptr. 478] [inserting reasonable time for payment]; Dennis v. Overholtzer, supra,178 Cal.App.2d at p. 775 [inserting reasonable time for payment];Greenstone v. Claretian Theo. Seminary (1959) 173 Cal.App.2d 21, 32
[343 P.2d 161] [fact that contract for sale of realty did not specify time for performance could not preclude specific enforcement thereof as a reasonable time is to be implied], disapproved on other grounds in Ellisv. Mihelis, supra, 60 Cal.2d at p. 221.)
 The majority states it was undisputed that the condominium unit was investment property for Liebermensch and that its sale would have an adverse tax consequence for them. (Maj. opn., ante, at p. 390.) However, there is nothing in the record showing the parties discussed the investment nature of the property or potential tax consequences to Liebermensch until after Patel exercised his option. In fact, Mr. Liebermensch admitted that he did not discuss the need for a "1031 exchange" with Patel until after Patel exercised his option and the parties never discussed the need for an extended escrow period. Patel similarly denied discussing either of these terms before he signed the option contract. Moreover, Mr. Liebermensch conceded that after he received Patel's exercise of the option he believed that he had an agreement to sell the property to Patel for $298,700. Liebermensch's undisclosed subjective intent on additional terms is irrelevant. (Binderv. Aetna Life Ins. Co. (1999) 75 Cal.App.4th 832, 851 [89 Cal.Rptr.2d 540] [holding that outward expression of assent is controlling]; Oakland-Alameda County Coliseum, Inc. v. Oakland Raiders,Ltd. (1988) 197 Cal.App.3d 1049, 1058 [243 Cal.Rptr. 300] [holding that unexpressed intent cannot be used to interpret a contract].)
 Upon Patel's exercise of the option, the option contract became abinding bilateral agreement. (Palo Alto Town Country Village, Inc. v.BBTC Company (1974) 11 Cal.3d 494, 502 [113 Cal.Rptr. 705,521 P.2d 1097].) One vice of the majority opinion is to examine the negotiations after Patel exercised the option to determine whether the parties had an enforceable bilateral contract for the sale of real property, rather than to view these negotiations as an attempt to make analternative deal. *Page 394 
 Here, as in numerous other cases seeking specific performance of a contract for the sale of real estate where the terms for time and manner of payment were missing, the trial court properly inserted reasonable terms in their place and compelled the parties to do what they contemplated at the time they executed the option contract. (Notably, Liebermensch does not contend that the terms the trial court implied were unreasonable and this issue is not before us.) The majority's decision threatens all option contracts drafted without the assistance of counsel and would require the inclusion of any term either party might later consider to be material. Here, the option contract was sufficiently clear to be specifically enforced. Accordingly, the judgment should be affirmed. *Page 395